plaintiffs would have new issues introduced into this foreclosure action,—questions relating to the execution and filing of the bond, and the discharge of the lien (and these issues might be multiplied in case a number of liens, in favor of different parties to the action, were discharged by the giving of different bonds). Moreover, sureties might, when made parties to the action, litigate all the issues therein, though not relating directly to the giving of the bond and the discharge of the lien. And if the sureties must be brought into the action, then so often as such bonds were given, perhaps at several different times, and even down to the time of the completion of the trial, the pleadings would have to be amended, or supplemented pleadings made, and the trial, so far as it had progressed, would, at the election of the new parties brought in, have to be gone over again, because the bringing in of other new parties would not be a matter of favor to them, but a matter of right, and no condition could be imposed, upon bringing them in, that it should be without prejudice to the proceedings already had in the action. We can see no reason for putting plaintiffs in this unfavorable position, because defendants take advantage of the provisions of the statute for their own benefit, and give the bond, and thus discharge the lien.

It can hardly be claimed that no recovery can be had upon the bond, in such an action as the present one, because there can be no failure of the condition of the bond. The legislature never could have intended, by Laws 1885, c. 342, § 24, subd. 6, to take away plaintiff's lien on the property, and substitute in its place a bond the condition of which could never be broken, and a common-law action upon which could never in any event be maintained. The condition could be broken, and was broken in this case, under a fair and reasonable construction of the provisions of the statute under which the bond was given. The plaintiffs were clearly entitled to recover under the evidence.

The judgment should be affirmed, with costs. All concur.

---

STEVENSON v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. November 20, 1896.)

INTERPLEADER—CHARACTER OF CONFLICTING CLAIMS.

In order that a defendant may obtain an order of interpleader (Code Civ. Proc. § 820), he must prove that the claim adverse to plaintiff is well founded.

Appeal from special term, New York county.

Action by Richard W. Stevenson, as trustee, against the New York Life Insurance Company, on two insurance policies. From an order granting a motion for leave to interplead the executrix of the insured as a party defendant, and to deposit the amounts of the policies with the accrued interest to date, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

Julien T. Davies, for appellant.

G. W. Hubbell and Donald McLean, for respondent.

VAN BRUNT, P. J.　This action was brought upon two policies of insurance issued to one Martin J. S. De Garmendia by the defendant, the New York Life Insurance Company, payable by their terms, upon the death of said De Garmendia, to his executors, administrators, and assigns.　On the 10th of September, 1892, De Garmendia assigned, by instruments in writing, said policies of insurance to one William H. Emerson, and, on the 28th of October, Emerson assigned the same to Carlos G. De Garmendia, who on the 6th of November, 1892, duly assigned the said policies to one Marie Rose De Garmendia.　On the 22d of November, 1894, said Marie Rose De Garmendia assigned and transferred the policies to the plaintiff, Richard W. Stevenson, as trustee.　The insured having died on the 16th of June, 1896, the said Stevenson, as trustee, commenced this action to recover upon the said policies from the New York Life Insurance Company.　The said company then, upon affidavit stating the foregoing facts, and that on the 16th of November, 1895, it had received a letter from Martin J. S. De Garmendia, the assured, in which he claimed the entire ownership in said policies, free from any claim based on any assignment thereof, and directed that payment of said policies, at his death, should be made only to his legal representatives, and that on the 19th of June the company received a letter from the plaintiff, in which he claimed the proceeds under said policies, and on the 22d of June the company received a letter from Donald McLean, as attorney for the executrix of the deceased, in which he claimed for his client the proceeds under said policies; that the company had no interest in the question to which the said policies of insurance belonged, and was ignorant of the grounds or merits of the respective claims made to said policies, and did not know to which of said claimants it might safely pay the amount of said policies, and applied for an order discharging itself as defendant, and bringing in as defendant the executrix of said De Garmendia, deceased.　This motion having been granted, from the order thereupon entered this appeal is taken.

It seems to be conceded upon the part of the respondent that, in order to entitle the defendant to an order of interpleader, it is necessary that it should be shown that two persons have preferred a claim against the defendant, without its collusion, for the same debt; that the defendant has no beneficial interest in the thing claimed, and cannot determine, without hazard to itself, to which of the claimants the debt should be paid; and although, upon the argument, it seems to be claimed that there was a difference in the requirements between the condition of proof in an action of interpleader and in a motion for interpleader, it is evident that no such distinction exists.　It is true that Code, § 820, is silent as to the proof which the court should require in order to justify the making of an order of interpleader.　It simply states what must appear in order to entitle the court to act at all; and upon such proof it provides that the court may, in its discretion, make the order.　Section 820 was intended to be a summary substitute for the more cumbersome procedure by action, and it was not intended to inaugurate any new rule in reference to what should be required to justify an interpleader.

It must be made to appear, as is conceded upon the part of the respondent, that the defendant cannot, without hazard, determine to which of the parties claimant he should pay the moneys, the subject-matter of the action. In the case at bar there is not the slightest proof of hazard. It appears that these policies were assigned by the assured in his lifetime, as he had a right to do; and there is not the slightest particle of evidence tending to support the claim made by his executrix, or any facts stated which can throw the shadow of a doubt upon the right of the plaintiff to recover. It is true that it is stated that the deceased, in his lifetime, repudiated these assignments. But that, of itself, affords no ground for the impeachment of the assignment. Some facts or circumstances must be stated which throw some doubt upon the right of the plaintiff to recover the money sued for. It is said in Bank v. Yandes, 44 Hun, 55:

"It is not necessary simply to establish, in order to justify an interpleader, that some claim is presented, but it is necessary, in addition, to prove that such claim has some reasonable foundation, or that there is some reasonable doubt as to whether the stakeholder would be reasonably safe in the payment over of the money."

The cases cited upon the part of the respondent in no way conflict with this rule. In all of them facts were stated from which the court could see that there was some question as to the right of the claimants, and the cases were not presented to the court upon the mere naked assertion of claims, without an iota of proof tending to show that they had any foundation.

The order should be reversed, with $10 costs, and disbursements, and the motion denied, with $10 costs. All concur.