PERKINS et al. v. MONTGOMERY et al.

(Supreme Court, Special Term, New York County. 1897.)

1. INTERPLEADER—RIVAL CLAIMS—BONA FIDE CONTROVERSY.
It is insufficient to sustain a bill of interpleader that rival claims had been made for the fund, without a further showing that a bona fide controversy existed between the rival claimants.

2. SAME—COMPLAINT—ATTACHMENT—LEVY ON CHOSES IN ACTION—INTERMEDIATE TITLE.
The fund held by plaintiff in a bill of interpleader consisted of dividends on certain certificates originally issued to H. by plaintiff's predecessors in the trust. H. transferred the stocks to one who in turn transferred them to W. Twelve years after the transfer from H., and nine years after W. was registered on the trustee's books as owner of the certificates, M. brought suit against H., in which attachments were issued and levied on H.'s interest in such certificates. Answers were interposed, but no further steps were taken in the actions. M. claimed that the intermediate transfers from H. to W. were merely colorable. *Held*, that a complaint setting forth such facts was insufficient to sustain a bill of interpleader, since the attachment gave M. no right to the certificates; an attachment lien being merely constructive as to choses in action, and inoperative through an intermediate title.

Suit by one Perkins and others, as trustees, against J. L. Montgomery and others. On demurrers to complaint. Demurrers sustained.

BEEKMAN, J. The demurrers should be sustained on the ground that the complaint does not set forth facts sufficient to constitute a cause of action. The rule is well settled that an action of interpleader can only be sustained where it appears that a reasonbale doubt exists as to which of the claimants to the fund is in the right. It is not sufficient that a claim is made. It must also be apparent that the elements of a bona fide controversy exist between the rival

claimants over the right to the fund. Bank v. Yandes, 44 Hun, 55. In the case cited the presiding justice in his opinion, says (page 58):

"As all business is conducted with some risk,—as every holder of money, in the payment of it over, always does so at some risk,—the courts have receded from the rule that all that it is necessary to establish is that some claim had been presented, and have held that it is necessary, in addition, to prove that such claim had some reasonable foundation, and that there was some reasonable doubt as to whether the stakeholder would be reasonably safe in the payment over of the money."

This case has been recently cited, and its doctrine approved, in this department. Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964. The complaint, then, in an action of interpleader, must set forth facts disclosing the existence of such a reasonable doubt, which is of the very essence of the cause of action. The fund in this action is payable to the holder of certain certificates issued by the plaintiff's predecessors in the trust. Certificates were originally issued to one McHenry, and were transferred by him on May 18, 1874, to Benjamin Moran, who received from the trustees new certificates in their place, and was thereupon registered upon their books as the owner of the same. In January, 1878, Moran in turn transferred the certificates which had been so issued to him to Leonard J. Woodman. The transfer was registered by the trustees upon their books as before, and, the certificates having been surrendered, new ones were issued by them to Woodman, evidencing the interest in the trust property which he had thus acquired. The fund which is the subject-matter of this suit is made up of "dividends," as they are called, upon these shares, which commenced to accrue in 1887, and therefore after Woodman had become the registered owner of the certificates. Woodman recently died in England, and, his administratrix having assigned these dividends to the defendant William F. Dunning, the latter has made a demand upon the plaintiffs to pay them to him. It appears, however, that in December, 1886, some 12 years after the alleged transfer by McHenry of his interest, and about 9 years after the transfer by his assignee to Woodman, two actions were brought by the defendant James L. Montgomery against McHenry in this court to recover large sums of money claimed to be due from the latter upon causes of action, the nature of which it is unnecessary to state. Upon the commencement of these actions, warrants of attachment were obtained on the ground that the defendant McHenry was a nonresident, which were served by the defendant Grant, as sheriff, upon the plaintiffs' predecessors in the trust, for the purpose of securing a levy upon the interest which had been acquired by McHenry when the certificates originally received by him had been issued. McHenry appeared in the actions and caused their removal to the United States circuit court for the Southern district of New York, whereupon the defendant McCarty, as United States marshal, succeeded to the rights and duties of the sheriff with respect to the attachments. Answers were interposed to the complaints, but no further steps seem to have been taken in the actions up to the 26th day of May,

1891, when McHenry died; nor since his death has anything been done towards continuing the suits against his personal representatives. Passing by the mere suggestion of invalidity of the deed of trust, which is without color of support, the real claim of the defendant Montgomery, as set forth in the complaint, is in effect that the transfers made by McHenry and his grantee, Moran, were merely colorable; that they are voidable as against creditors; that Woodman, the last transferee, held the certificates really for the benefit of McHenry; and that the latter therefore had an interest which was subject to the lien of the attachments. This claim, however, as the plaintiffs state it, is without reasonable foundation. It is true that, where tangible property has been transferred by a debtor in fraud of his creditors, it may be levied upon and a lien upon it acquired without the previous judgment of the court avoiding the fraudulent act; but it is equally well settled that this does not apply to the class of property described as "equitable assets." Thurber v. Blanck, 50 N. Y. 80; Anthony v. Wood, 96 N. Y. 180; Cleaner Co. v. Smith, 110 N. Y. 83, 17 N. E. 671. In the case of Thurber v. Blanck, 50 N. Y., at page 86, the court says:

"In the case of choses in action and debts the lien is constructive, and cannot operate through an intermediate legal title. * * * At law no debt was owing to the defendant, and there was nothing for the attachment to operate upon. Such a lien can only be created upon legal rights, and not mere equitable interests. Debts and choses in action are to be regarded as legal assets, under the attachment laws, whenever that process acts directly upon the legal title; but, whenever they are so situated as to require the exercise of the equitable powers of the court to place them in that situation, they must be treated, as they always were, as equitable assets only."

The authority of this case is expressly reaffirmed in the case of Anthony v. Wood, supra. The same principle was applied in the case of Bank v. Yandes, 44 Hun, 55. There the parties sought to be interpleaded were the sheriff, claiming under the levy of an attachment made after a general assignment for the benefit of the creditors of the attachment debtor, and the assignee. The claim of the sheriff was that the assignment was made with intent to hinder, delay, and defraud creditors. The property levied upon consisted of choses in action. It was held that the sheriff and attaching creditors acquired no rights in the property by virtue of the levy, and that neither of them could maintain an action to set aside the assignment as an obstacle to the attachment. The complaint was accordingly dismissed. On what theory can the case at bar be excepted from the operation of these rules? The attachments were not levied until 12 years after the legal title to the certificates had passed from McHenry to others. McHenry had no title at that time, and there was nothing upon which the attachment could operate. True, we must assume, for the purposes of this demurrer, that the transfer was made for the purpose of defrauding his creditors; but, while this would afford a good ground for a judgment creditor's action, it is only in such an action that any lien can be acquired upon such an interest as that under consideration. As we have seen, neither the sheriff nor the marshal nor the attaching creditors could bring any suit in aid of the attachment, challenging the validity of these transfers. That being the

case, how can the court possibly sustain an action of interpleader, which in its result must involve the trial between the defendants of just such an issue?  The logic of the situation compels the conclusion. that it cannot.  Upon the facts presented, and under well-settled principles, the defendant Montgomery does not seem to have acquired. any lien upon the interest sought to be attached, and therefore none upon the fund in question.  His claim is therefore without reasonable foundation, within the meaning of that qualification of the right to maintain an action of interpleader.  Under these circumstances,. the plaintiffs are not in need of the protection of the court.  Upon. their own showing, the defendant Montgomery has no claim upon them; and, if they entertain any doubt with respect to the claim of the defendant Dunning, they can await suit by him and put him to his proof.  The defendant Montgomery has also demurred on the ground that McHenry's personal representatives should have been made parties to the action.  I do not think this tenable.

In all other respects the demurrers are sustained, with costs, with. the usual leave to amend on payment of costs.