(21 App. Div. 369.)

ROBERTS v. VAN HORNE et al.

(Supreme Court, Appellate Division, First Department. October 8, 1897.)

1. INTERPLEADER—NOTICE OF MOTION.
    Notice of a motion for interpleader, under Code Civ. Proc. § 820, must be given to the third party claimant as well as to plaintiff.

2. SAME—AFFIDAVIT.
    Upon such a motion the affidavit must state facts showing that the third party's claim has some reasonable foundation, or that there is some reasonable doubt as to whether the stakeholder would be reasonably safe in paying over the money in controversy.

Annie A. Roberts, as a committee of the person and property of one David H. Roberts, an adjudged lunatic, seeks the return of certain moneys admitted to have been deposited with Daniel A. Van Horne

and Benjamin Griffen, the defendants, by the plaintiff's ward.   The defendants moved to have the Chambers & McKee Glass Company substituted, and to have themselves discharged from all liabilities, either to the plaintiff or said company.   The affidavit on which the order to interplead was obtained alleges that the moneys claimed in the complaint herein are also claimed by the Chambers & McKee Glass Company under an alleged agreement between the lunatic, whom the plaintiff represents, and said company, by the terms of which the money was sent by the company to the lunatic, to be used by said lunatic for a certain purpose, which purpose he has wholly failed to carry out.   From the order of interpleader, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

H. Seymour Eisman, for appellant.

John C. Coleman, for respondents.

O'BRIEN, J.   There are two fatal objections to the order of interpleader granted herein:   The defendants, upon the motion, failed to give notice to the Chambers & McKee Glass Company, as required by section 820 of the Code of Civil Procedure, and, in their affidavit, failed to state any facts or circumstances which place in doubt the right of the plaintiff to recover the moneys sued for, or which in any way show that the demand of the Chambers & McKee Glass Company is well founded.   There is merely a statement that the defendants are informed and believe that the Chambers & McKee Glass Company base its claim upon the agreement alleged to exist between it and the lunatic; but whether such agreement is oral or in writing does not appear, nor is anything shown as to what were the terms of such agreement.   It would be going very far, under such circumstances, where, as here, the plaintiff claims by virtue of a deposit made with the defendants, to hold that the latter, without some sufficient showing, can refuse to comply with the contract under which it received the deposit, and evade its duty by attempting to substitute another company, and that company a nonresident.   It is doubtful if the defendants are in a position to dispute the plaintiff's title, or to assail it by any suggestion that somebody else makes claim to it.   But, without deciding that question, it is sufficient here to say that the affidavit does not show any facts which would render it hazardous on the part of the defendants to pay the plaintiff's claim.   As said in Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964:

"It must be made to appear that the defendant cannot, without hazard, determine to which of the parties claimant it should pay the money, the subject-matter of the action. * * * Some facts or circumstances must be stated which throw some doubt upon the right of the plaintiff to recover the money sued for.   It is said in Bank v. Yandes, 44 Hun, 55: 'It is not necessary simply to establish, in order to justify an interpleader, that some claim is presented, but it is necessary, in addition, to prove that such claim has some reasonable foundation, or that there is some reasonable doubt as to whether the stakeholder would be reasonably safe in the payment over of the money.' "

As we think, therefore, that there was no proper showing made for the granting of the relief asked for, the order of interpleader should

be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave, however, to renew the application on other papers. All concur.