## WERTHEIMER v. INDEPENDENT ORDER FREE SONS OF JUDAH.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

INTERPLEADER—LIFE INSURANCE.

> The constitution of a fraternal order provided for payment of $500 to the widow of a deceased member, with permission to the member to bequeath half thereof to his children. A member who had a wife, but no children, bequeathed half the death benefit to his sister. In an action by the widow to recover the $500, a motion for an interpleader on the ground of a claim by the sister was denied. *Held*, that as, under the constitution, the bequest to the sister was unauthorized, the motion was properly denied.

Appeal from special term.

Action by Sophie Wertheimer against the Independent Order Free Sons of Judah. From an order denying a motion for interpleader, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Otto I. Wise, for appellant.
Leopold Moschoowitz, for respondent.

VAN BRUNT, P. J.　The defendant is a fraternal order, and one Edward Wertheimer was a member at the time of his death.　The constitution of the defendant provides that upon the death of a member a sum of $500 shall be paid to the widow of the deceased member, but that the member may, by a designation in the manner and form prescribed by the constitution, bequeath the sum of $250 of his death benefit to his children.　The deceased died, leaving a widow and no children.　He also left a will, which has been duly admitted to probate, by which he bequeathed $250 of his death benefit to his sister, Annie Blee.　The plaintiff, the widow of the deceased, having brought this action to recover $500, the amount of Edward Wertheimer's death benefit, a motion for interpleader was made upon the ground that the said Annie Blee claimed $250 of this fund.　This motion was denied, and from the order thereupon entered this appeal is taken.

In order that a motion for interpleader should be granted, it must be made to appear that the defendant runs some risk or hazard in paying the amount claimed by the plaintiff.　In the case at bar no such risk or hazard is made to appear.　The provisions of the defendant's constitution preclude any one but the widow from participating in the death benefit, unless there are children to whom the assured may bequeath not over half of the amount of the policy.　The deceased having left no children, the widow is absolutely entitled to the whole of the death benefit, and the claim attempted to be instituted by Annie Blee is clearly without any foundation.

The order was therefore rightfully denied, and should be affirmed, with $10 costs and disbursements.　All concur.