her for the deficiency.    The judgment against her was set aside for the reason that no complaint asking such deficiency was properly served upon her.    She was the grantee of the mortgaged premises and had assumed payment of the mortgage.    The plaintiff, without obtaining leave, as provided in section 16 of the Code, to sue her for the balance of the mortgage debt, sued her in this action for it. She demurred to the complaint, relying upon the section cited, and counsel for both parties appeared upon the argument of the demurrer; and the plaintiff, without having given defendant notice of motion to that effect, asked leave to sue the defendant nunc pro tunc as of the commencement of this action.    The court sustained the demurrer, and added to the order sustaining it a clause granting leave to the plaintiff to sue nunc pro tunc, and to serve the amended complaint accordingly, upon payment of the costs of the demurrer.    The defendant appeals from the part of the order granting leave to sue nunc pro tunc, and insists that the court improperly granted it, since the defendant, not having previous notice of such motion, was not prepared with the facts to oppose it; and suggests that, if the defendant had been duly notified of the intent to charge her with a deficiency upon the mortgage sale, the property would have been sold for a larger price.

We think that the facts stated in the complaint, without counter affidavits impairing their force, would justify the order.    Earl v. David, 20 Hun, 527, affirmed 84 N. Y. 634.    But, in view of the suggestion of the defendant and the fact that we sustained the sale at the same time that we relieved the defendant from the deficiency judgment (13 App. Div. 94, 43 N. Y. Supp. 342), we now conclude to exercise our discretion in her favor, and reverse the order granting leave to sue nunc pro tunc without costs, and without prejudice to a renewal of the motion.

Order, so far as appealed from, reversed, without costs, and without prejudice to a renewal of the motion.

---

(24 Misc. Rep. 4.)

COSGRIFF v. HUDSON CITY SAV. INST.

(Supreme Court, Equity Term, Columbia County.   June 14, 1898.)

1. INTERPLEADER—WHEN ALLOWED.

Laws 1892, c. 689, provides that, in an action against a savings bank for a deposit, the bank may interplead a person not a party to the action, claiming the fund; and Code Civ. Proc. § 820, also provides that, in an action for the recovery of a debt or property, the defendant may interplead a person not a party, claiming the same.    *Held* that, to justify interpleader, a person must both claim the res and assert a claim which it would be hazardous to disregard.

2. NECESSARY PARTIES.

Code Civ. Proc. §§ 447–452, providing for bringing in a party whose presence is necessary for a complete determination of an action, or who has an interest in the subject-matter, do not apply to an action at law to recover a money judgment, in which plaintiff cannot be compelled to bring in other defendants than those he chooses.

**3. SAVINGS BANK—HOLDER OF PASS BOOK—LEGAL REPRESENTATIVE.**
    By-laws of a savings bank provided that payments to persons producing pass books should be valid; that possession of a book should warrant payment; and, on the death of a depositor, payment should be made to his "legal representative." *Held*, that possession of a depositor's pass-book under a parol gift, made a day previous to depositor's death, entitled the donee to draw the deposit as the "legal representative" of his donor.

**4. SAME—SECURITY FOR PAYMENT OF DEPOSIT.**
    Though the duty devolves upon a bank's officers to exercise care to protect depositors from fraud, and they are not absolved from liability for disregarding constructive notice thereof when paying a person in possession of a pass book, they cannot require a bond of indemnity, or absolute security, as a condition of payment.

**5. GIFT—BANK DEPOSIT.**
    A mother on her deathbed took from under her pillow a pass book of her bank deposits; gave it to her daughter; told her to take it to the bank, taking the attending physician with her, get the money, and keep it. The daughter took the book, and told her mother to wait until to-morrow, when she would probably feel better. She retained the book, and her mother died the next day. *Held* a perfect gift.

Action by Margaret Cosgriff against the Hudson City Savings Institution. Judgment for plaintiff.

Cadman & Peck, for plaintiff.
Collier, Collier & Browning, for defendant.

CLEARWATER, J. On the afternoon of the 7th day of December, 1897, the mother of the plaintiff, who was upon her deathbed, took from under her pillow a pass book, in which were entered deposits made by her in the defendant's bank aggregating $1,258.54, gave it to the plaintiff, and told her to take it to the bank, taking the attending physician with her, get the money, and keep it for herself, as she was the only one who had ever done anything for her. The plaintiff took the book, and told her mother to wait until to-morrow, when she would probably feel better. Her mother died the following day, and the plaintiff retained the book down to the trial. On the 6th day of January, 1898, accompanied by her counsel, she went to the defendant's bank, in the city of Hudson, and, presenting an affidavit stating these facts, demanded the amount of the deposit. The defendant refused to pay unless it was given a bond of indemnity.

The mother left, her surviving, her husband, the plaintiff, another daughter, and two sons, and it was admitted that, down to the trial, no person other than the plaintiff had made claim to the deposit or any part of it. The mother died intestate, leaving substantially no personal estate, if the gift of the pass book be valid; she owned real estate of the value of $1,200; and it was stated on the trial that she left no known debts.

After the refusal, and in February, 1898, the plaintiff brought suit. The defendant alleges that it is ready and willing to pay the amount of the deposit to the lawful owner of the pass book, but refuses to. pay the plaintiff, because it is advised that the next of kin, other than she, may question the validity and legality of the alleged gift, and that creditors of the mother, if any there be, may do the same. It also alleges a nonjoinder of parties defendant, in that the next of

kin, other than the plaintiff, are necessary parties to the action, and that a proper and complete determination thereof, for its protection, cannot be made until they are interpleaded, and claims that an administrator of the intestate should be appointed and made defendant.

The banking law provides that in all actions against savings banks to recover for moneys on deposit therewith, if there be any person not a party to the action who claims the same fund, the court may, on the petition of the bank and notice to the plaintiff and such claimant, amend the proceedings by making such claimant a party defendant, and shall thereupon proceed to determine the rights and interests of the several parties. "Banking Law," Laws 1892, c. 689, § 115. It is provided by section 820 of the Code of Civil Procedure that the defendant, against whom an action to recover upon a contract or in ejectment, or to recover a chattel, is pending, may, before answer, upon affidavit that a person not a party makes a demand against him for the same debt or property without collusion with him, apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place, and to discharge him from liability to either, on his paying into court the amount of the debt, or delivering the possession of the property or its value to such person as the court directs; or upon it appearing that the defendant disputes, in whole or in part, the liability as asserted against him by different claimants, or that he has some interest in the subject-matter of the controversy which he desires to assert, his application may be for an order joining the other claimant or claimants as co-defendants with him, and that the court may in its discretion make such order, upon such terms, as to costs and payment into court or delivery of the possession of the property or its value, as may be just, and thereupon the entire controversy may be determined in the one action. It will be noticed that both section 820 of the Code and section 115 of the banking law apply only to cases where there are persons not parties to the action who claim the same fund. They are not operative here, for the reason that, down to the trial, no claimant other than the plaintiff had appeared. Section 820 was intended to be a summary substitute for the more cumbersome procedure by action, but it was not intended to inaugurate any new rule with reference to what should be required to justify an interpleader. It must still be made to appear that the defendant cannot without hazard determine to which of the parties claimant it should pay the subject-matter of the action. Here there is no such proof. The plaintiff's father, brothers, and sister are all living and of full age. None of them down to the trial have claimed that the gift to the plaintiff was invalid or obtained by unfair means. Nor has any creditor appeared, nor are any facts stated, which throw a doubt upon the rights of the plaintiff.

As was said in Bank v. Yandes, 44 Hun, 55, and approved in Stevenson v. Insurance Co., 10 App. Div. 235, 41 N. Y. Supp. 964, it is not necessary simply to establish, in order to justify an interpleader, that some claim is presented, but it is necessary, in addition, to prove that such claim has some reasonable foundation, or that there is some reasonable doubt as to whether the defendant would be reasonably

safe in the payment of the money.   To the same effect is Roberts
v. Van Horne, 21 App. Div. 369, 47 N. Y. Supp. 448.   The old rule
that a stakeholder is entitled to be removed beyond the shadow of a
risk, and that in order to entitle him to the protection of the court it
is only necessary to establish that suits have been brought or that
claimants have threatened to bring them, no longer prevails, and
it is now necessary to prove that such claim has some reasonable
foundation, and that there exists some reasonable doubt as to whether
or not the stakeholder would be reasonably safe in paying over the
money.   Mars v. Bank, 64 Hun, 424, 19 N. Y. Supp. 791; Id., 69
Hun, 398, 23 N. Y. Supp. 658; Williams v. Insurance Co., 8 N. Y. St.
Rep. 567; Bank v. Yandes, 44 Hun, 58; Feldman v. Grand Lodge
(Sup.) 19 N. Y. Supp. 73.

Section 452 of the Code of Civil Procedure provides that the court
may determine the controversy as between the parties before it,
where it can do so without prejudice to the rights of others, or by
saving their rights; but, where a complete determination of the con-
troversy cannot be had without the presence of other parties, the
court must direct them to be brought in.   So far as the evidence
discloses, this controversy can be fully determined without prejudice
to the rights of any one, and without the presence of parties other
than the plaintiff and the defendant.   It would hardly be just to
compel the plaintiff to have other possible claimants substituted or
interpleaded as defendants, for to do so would be to invite attack,
and might be construed as an indication of doubt as to the validity
of her title; and the rule is well settled that the plaintiff in an ac-
tion at law who seeks nothing but a money judgment cannot be com-
pelled to bring in other parties than those he has chosen to make de-
fendants.   If necessary parties are not present, the defendant may
take advantage of the fact by plea in abatement, or may set up an
equitable defense showing their absence, which, if established, will
entitle him to a nonsuit or a verdict in his favor, but he cannot com-
pel the plaintiff to bring them in; and in such an action the provisions
of Code Civ. Proc. §§ 447–452, as to who may be made parties defend-
ant, and providing for the bringing in of a party whose presence is
necessary for a complete determination of the action, or who has an
interest in the subject-matter of the action, do not apply.   Chapman
v. Forbes, 123 N. Y. 532, 26 N. E. 3; Rosenberg v. Saloman, 144 N. Y.
92, 38 N. E. 982.   The bringing in of possible or fancied claimants,
who have neither a lien nor a legal claim upon the fund, is by no
means a matter of discretion, for to unnecessarily interplead them is
legal error.   Hilton Bridge Const. Co. v. New York Cent. & H. R. R.
Co., 145 N. Y. 390, 40 N. E. 86.

The by-laws of the bank provide that all payments to persons
producing the pass book shall be valid, and discharge the bank;
that the possession of the book shall be sufficient authority to the
bank to warrant any payment made by it; that, in case of lost books,
the bank will decide as to the person to whom the payment shall be
made, and without the right of a depositor of such lost book to
question the correctness of the payment; and that on the death of
any depositor the deposit shall be paid to his or her legal representa-

tives, upon presentation of the book.    It is urged by the defendant that these by-laws should be so construed as to require the appointment of an administrator of the estate of the plaintiff's mother, and payment by it to the administrator.    The mother prior to her death had ceased to be the owner of the deposit, having given it to the plaintiff the day before, and as to the thing given the donee is the legal representative of the donor.    By the gift, therefore, the plaintiff became the depositor, her title to the deposit being as good as though the transfer from her mother were in writing, although the evidence to support it is not so strongly authenticated; and for this, and the reasons heretofore given, the plaintiff cannot be compelled to have an administrator appointed, and to ask that the bank pay the deposit to the administrator, for that would be to admit that her mother, at the time of her death, was the owner of the deposit, notwithstanding the gift.    The pass book imports a liability to the depositor, and constituted a contract between her and the bank to repay the moneys deposited at such time and to such person as she should direct; and while the duty devolves upon the officers of the bank to exercise care and active diligence in order that depositors may be protected from fraud and larceny, and they are not absolved if at the time of payment any fact or circumstance be brought to their knowledge calculated to excite the suspicion of, and inquiry by, an ordinarily careful man, where they fail to make inquiry or to exercise at least ordinary care and diligence, they cannot insist upon a bond of indemnity, or upon being made secure beyond the peradventure of doubt or risk.    If the bank, when sued, desired the interpleader of others as real or possible claimants of the deposit by a title hostile to that of the plaintiff, it should have assumed the risk and labor of bringing them in.    It cannot impose that burden and hazard on the plaintiff, who rests upon the strength of her own title, denying the existence or validity of any other.    While the province of savings banks is beneficial, affording to people of moderate means an opportunity to invest small savings at interest, as the money can be spared, and they are entitled to such indulgence as courts can grant without infringing upon the rights of others, they are not exempt from the operation of the ordinary rules of law.    The defendant probably has been put to trouble and expense in defending this action, but it stands as any other custodian of property who assumes and tries to retain the custody as against the true owner, without lawful authority.

I am of the opinion that the testimony established a perfect gift, whether strictly causa mortis it is not necessary to determine, and that the plaintiff became, and at the time of the demand upon the defendant was, the owner of the deposit.    Judgment is therefore directed in her favor for the amount of the deposit, with interest and costs.