SEXTON v. HOME FIRE INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

1. INSURANCE—ACTIONS—RIGHT TO INTERPLEAD.
    A loss under a policy was payable, at the time of the loss, to plaintiff or the assured, "as their interests may appear." Plaintiff was a mortgagee with the policy as collateral, and had sued to foreclose, which was resisted on the ground of usury. A judgment of foreclosure was granted, and an appeal taken in good faith was pending. A reversal holding the defense of usury successful might avoid the entire mortgage debt. Held, that the insurance company could interplead the mortgagor, under Code Civ. Proc. § 820, since it would run a "risk or hazard" in paying the money to the mortgagee.

2. USURY—PRIVATE BANKERS.
    An affidavit stating that the lender of money was a "private banker" before the loan, and president of a national bank, is per se insufficient to show that the lender was a "private banker," exempted by Laws 1882, c. 409, § 68, from the effect of the general usury law.

Appeal from special term, Monroe county.

Action by Pliny T. Sexton against the Home Fire Insurance Company of the City of New York to recover on a policy. From an order refusing to allow an interpleader and the deposit in court of the amount claimed by plaintiff on payment of the costs and disbursements up to the time the motion was made, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Horace McGuire, for appellant.
P. T. Sexton, in pro. per.

HARDIN, P. J. Appellant's papers used upon the motion show its willingness to pay the money to satisfy its liability under its policy of insurance, and that it is not in collusion with Bennett or any other party. It also appears that by the terms of the renewed policy the title to the real estate had passed to George Bennett, and that, when the fire took place, the loss was payable, by the terms of the agreement of defendant, to the plaintiff or the assured, George Bennett, "as their interests may appear." It is made manifest by the papers in the record that Bennett has steadily claimed an interest in the moneys due from defendant by reason of the fire. It also appears that the plaintiff has been aware of the position of the defendant, and that a short time be-

fore the suit was brought he was negotiating with the defendant to enter into "an agreed case," and have a submission made in a court to determine who was entitled to the money due from defendant. Plaintiff, in his letter to defendant of July 9, 1898, said, viz.: "And, as the time within which I must begin suit will expire on the 22d inst., please send me further extension to cover reasonable time in which conveniently to arrange with you for an amicable quarrel." It is apparent from the record that plaintiff held a mortgage upon the real estate owned by the assured at the time of the fire, and that the policy was collateral to the mortgage, and that a defense of usury has, in good faith, been interposed to the action of the plaintiff to foreclose the mortgage, and that an appeal has been taken from the judgment of foreclosure, which appeal was taken in good faith. The plaintiff has, by his omission to propose amendments to the proposed case, allowed the delay of the presentation of the appeal. If that appeal shall be successful, and the judgment of foreclosure be reversed, and the defense of usury successful, the plaintiff's right to the moneys due from the defendant will become, to say the least, doubtful. Under such circumstances we think it ought not to be said that the defendant, by paying over the insurance money, would not run some "risk or hazard." Code Civ. Proc. § 820; Wertheimer v. Independent Order Free Sons of Judah, 28 App. Div. 64, 50 N. Y. Supp. 842; Roberts v. Vanhorne, 21 App. Div. 369, 47 N. Y. Supp. 448.

We have not overlooked the claim made by plaintiff that, if the "foreclosure judgment should be reversed, and usury could be established in the mortgage debt, it would not destroy plaintiff's superior right to the insurance money." This claim is based upon the idea that there could be a forfeiture of interest only. It is claimed that the loan was made by plaintiff as a banker, and that he has immunity from the usury laws. However, the only statement upon that subject is found in plaintiff's affidavit to the effect that he was a private banker before the loan, and president of the national bank. In Perkins v. Smith, 116 N. Y. 441, 23 N. E. 217, the term "private bankers" was defined. It was said "private bankers are persons or firms engaged in the business of banking without any special privileges or authority by statute." The affidavits used at the special term do not show that the mortgage held by plaintiff was not one that could be avoided by the defense of usury. That part of the order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the motion granted allowing an interpleader upon the defendant paying the money due from it into court, with the costs and disbursements of the action up to the time the motion was made.

That part of the order appealed from reversed, with $10 costs and disbursements to the appellant, and motion granted allowing an interpleader upon the defendant paying the money due from it into court, and paying the costs and disbursements of the action up to the time the motion was made. All concur.