(40 App. Div. 477.)

POST et al. v. EMMETT et al.

(Supreme Court, Appellate Division, First Department.　May 19, 1899.)

INTERPLEADER—SUFFICIENCY OF CLAIM.
　　When stocks deposited with a broker by defendant stand in her name, and there is nothing on their face to show that a claimant's decedent had any title or interest in them, and there is no evidence to show such interest, and defendant's affidavit clearly establishes her title, such claim

58 N.Y.S.—9

has not sufficient foundation to entitle the broker to an interpleader and an order restraining defendant from suing to recover the stocks until the claim has been disposed of.

Appeal from special term, New York county.

Bill by George B. Post, Jr., and others against Emily Emmett and J. J. Butler for interpleader. From an order denying plaintiffs' motion for an injunction restraining defendant Emmett from prosecuting actions against plaintiffs, they and defendant Butler appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

George W. Wickersham, for appellants G. B. Post and others.
Charles E. Hotchkiss, for appellant Butler.
Howard A. Taylor, for respondents.

RUMSEY, J. The plaintiffs allege that they were partners doing business as brokers in the city of New York, and that during the months of December, 1897, and January, 1898, the defendant Emmett deposited with them, as security for purchases of stocks which they were to make on her account, certain stocks and bonds, of the value of about $235,000; that at the time of the bringing of this action, which was on the 6th of March, 1899, a large portion of these stocks had been sold, and the plaintiffs had in their hands a balance from the sales of about $6,500, and they had also about 800 shares of stock and a few bonds, all of which were claimed by Emmett, who had deposited them. They state further that the defendant J. Jaffred Butler, as temporary administrator of the goods, chattels, and credits of Joseph Richardson, deceased, claimed that all of said securities now in the hands of the plaintiffs, and the money in their hands as proceeds of the securities sold, belonged to Joseph Richardson, and demands them of the plaintiffs. The complaint contains further formal allegations necessary to establish a cause of action for an interpleader, and demands the usual relief asked in such actions. After the action was begun, a motion was made for an injunction restraining the defendant Emmett from proceeding with two suits which she had brought against the plaintiff herein to recover the money and securities which were the proceeds of what she had deposited with the plaintiffs, and allowing the plaintiffs to pay the money into court and deliver up the securities, so that the defendants might interplead as to their title. The motion was denied, and from the order denying it this appeal is taken.

The parties do not differ as to the rule of law applicable to these cases, which is neither unsettled nor doubtful. Before one, situated as the plaintiffs in this action seem to be, is entitled to an order of interpleader between persons making adverse claims to the securities in his hands, it is necessary to establish, not only that adverse claims are made, but that the claims have some reasonable foundation, and that there is reasonable doubt whether the stakeholder would be safe in paying over the money. The mere fact that a claim has been made is not sufficient, but it is necessary to show, in addition to that, some facts or circumstances which would satisfy the court that the

claim made has such facts to support it, or such foundation in law under it as would create a reasonable doubt that the holder of the securities would not be safe in paying them over to the person from whom he received them.　Bank v. Yandes, 44 Hun, 55; Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964; Schell v. Lowe, 75 Hun, 43, 26 N. Y. Supp. 991.　If the party claiming that he is entitled to be protected from an adverse claim comes into court for that protection, he is not entitled to it, unless he establishes that there is some foundation for the claim, or plausibility in it, so that the court can see that he needs protection because he is likely to suffer from the adverse claim if he pays or delivers the security in hostility to it.　Mars v. Bank, 64 Hun, 424, 19 N. Y. Supp. 791.　It was formerly held that the mere fact of a claim was sufficient to entitle the stakeholder to an interpleader, but that rule has been abandoned, and the rule now seems to be settled as stated above.　Judged by what is now the settled rule, the plaintiffs' papers are entirely insufficient to entitle them to the relief which they ask.　The securities received by them from Miss Emmett stood in her name, and had been used as collateral security for a note given by her and indorsed by Joseph Richardson.　There was nothing upon their face to show that Joseph Richardson had any title or interest whatever in the securities.　No evidence is produced that he ever owned them, or that they were bought originally with his money, or that in any way he had any interest whatever in them.　Nothing is presented to warrant any doubt on the part of the plaintiffs that the securities belonged to Miss Emmett, except a claim by Butler, as temporary administrator of Joseph Richardson, that he is entitled to them as such administrator, accompanied by an unverified statement of the grounds of his claim. There is not one word of testimony in the case to sustain this claim, and, if the claim had been verified, there is nothing to throw any doubt upon the ownership of these securities by Miss Emmett.　The plaintiffs' claim is therefore entirely unsupported.　But, to add to the strength of the defendant's contention, there is produced on her part her own affidavit, explaining the circumstances stated in the unverified claim as to the foundation of the right of Joseph Richardson, and showing clearly that the title to the securities was in her, and that they never belonged to Richardson.　In the face of these proofs, it is very clear that the claim adverse to the plaintiff's bailor is entirely unfounded, and there is no reason to apprehend that they are in any danger whatever if they pay over the balance in their hands to Miss Emmett, from whom they received the stocks, and transfer to her the securities that are left.

The order denying the injunction was correct, and must be affirmed, with $10 costs and disbursements.　All concur.