## KREISER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.　December 8, 1899.)

INTERPLEADER.

 Defendant's application to interplead M. in an action by R. as assignee of K. is improperly granted, it appearing merely that M., a judgment creditor of K., had served defendant with an order in supplementary proceedings to answer as to a fund belonging to K., and that, on the hearing, defendant testified to the filing of the assignment of the fund to R., and that the supplementary proceedings were then dropped, though M.'s attorney makes affidavit that he believes M. intends to bring proceedings to set aside the assignment; no facts being alleged showing that M. had any right to set aside the assignment.

Appeal from special term, New York county.

Action by Rose Kreiser against the city of New York. From an order granting a motion for interpleader, plaintiff appeals. Reversed.

Argued before, VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James A. Douglas, for appellant.
John S. Melcher, for John L. Melcher.
Terence Parley, for respondent.

INGRAHAM, J.　The plaintiff brought an action to recover the amount deposited by one Samuel Kreiser with the city of New York, the complaint alleging that the said Samuel Kreiser had duly sold, assigned, and transferred to this plaintiff his claim and cause of action therefor on September 16, 1898; and it appeared that such assignment was on that day duly filed in the office of the comptroller of the city of New York. The defendant applied for an order interpleading one John L. Melcher, upon the ground that the said Melcher had obtained a judgment against the said Samuel Kreiser, and had on the 27th day of September, 1898, served upon the comptroller of the city of New York, as a third party, an order in supplementary proceedings requiring the comptroller to appear before one of the justices of this court, to be examined concerning a certain fund of $250 belonging to the said Samuel Kreiser. It appeared that the said order was served, and that a representative of the comptroller was examined on October 3, 1898, and that the said representative testified to the filing of the assignment of the said fund by the said Samuel Kreiser to the plaintiff. The third-party proceeding then appears to have been dropped, and subsequently Samuel Kreiser was examined in supplementary proceedings, and a receiver of his property was appointed. No further proceedings seem to have been instituted by Melcher against the city. Melcher's attorney, in an affidavit submitted on this motion, states that he is advised and believes that Melcher intends to bring proceedings to set aside said assignment; but it is nowhere stated that Kreiser has made, or does make, any claim against the city of New York, to recover the possession of this sum involved in this action.

We have held that it is necessary not only to establish the fact that a claim is presented, but, in addition, to show that such claim has some reasonable foundation. Stevenson v. Insurance Co., 10 App. Div. 235, 41 N. Y. Supp. 964; Post v. Emmett, 40 App. Div. 479, 58 N. Y. Supp. 129. Upon this, state of the record, it would appear that no substantial claim has been made against the city for the payment of this sum, and that upon the facts, so far as they appear, there is no substantial objection to the right of the plaintiff to the fund. No facts are alleged to show that Melcher has any right to set aside the assignment. It was filed with the comptroller before the third-party proceeding was commenced, and nothing is shown to justify a finding that Melcher has any claim to the fund in controversy.

We think the order was improper, and that it should be reversed, with $10 costs and disbursements against the city, and the motion denied, with $10 costs. All concur.