COLUMBIA BANK et al. v. EQUITABLE LIFE ASSUR. SOC. OF THE
UNITED STATES.

(Supreme Court, Appellate Division, First Department.    June 7, 1901.)

LIFE INSURANCE POLICY—ASSIGNMENT—NOTICE—JUDGMENT CREDITOR—PRIOR-
ITIES.

Where a judgment creditor of the holder of a matured tontine policy
levied on the same, giving the insurance company notice, and the holder
had previously made an assignment of it, of which the company had no
notice, the prior assignee was entitled to the amount due on the policy,
and such assignment was a defense to an action by the judgment cred-
itor against the insurance company.

Appeal from special term, New York county.

Action by the Columbia Bank and another against the Equitable
Life Assurance Society of the United States.    From an interlocutory
judgment overruling a demurrer to a separate defense, plaintiff ap-
peals.    Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRA-
HAM, and LAUGHLIN, JJ.

Julius J. Frank, for appellants.

W. C. Prime, for respondent.

PATTERSON, J.    The ground of the demurrer is that the third
separate defense to the supplemental answer is insufficient in law
on the face thereof.    The action was begun in the year 1888, and is
in aid of an attachment.    In the original complaint it is set forth
that the defendant had issued to one Thomas J. Hurley a policy of
life insurance of the kind known as the "semi-tontine policy," and
that the dividend period on said policy expired in October, 1888;
that the terms of the policy were such that, if the same should be in
force, and the said Hurley be living, when the dividend period ex-
pired, the full cash value of the policy would become payable at that
time to Hurley; that the Columbia Bank was a creditor of Hurley,
and that it brought an action against him in the superior court in
the city of New York to recover a certain definite sum of money, and
that on the 31st day of March, 1887, a warrant of attachment was
issued out of the said court, by which the sheriff was commanded to
attach and keep within his county so much of the property of Hurley
as would satisfy the demand of the bank, with interest and costs,
and the warrant was placed in the hands of the sheriff of the city
and county of New York for execution; that on the 1st of June, 1887,
the sheriff levied upon the policy of insurance by leaving a certified
copy of the warrant, and a copy of the affidavit upon which the same
was issued, and a notice showing the property attached with the de-
fendant; that Hurley lived until the dividend period upon his policy
arrived, and that the cash value of the policy on the 8th of October,
1888, was $2,835.30; that, to prevent a lapse of the policy, the Col-
umbia Bank, on the 4th of October, 1887, paid the annual premium
on the policy of the defendant for one year, and on the 6th of April,
1888, paid another annual premium, which became due on that day,
and that Hurley had paid no premium on the policy since the 6th

of April, 1887, and, but for such payments, the policy would have lapsed, and become valueless; that the sheriff, on the 8th of October, 1888, again levied upon the sum of money on that day due and payable under the provisions of the policy, and demanded from the defendant that amount, and again left a certified copy of the warrant, and a copy of the affidavit upon which it was issued, and a notice showing the property attached, and the defendant refused to pay this sum to the sheriff; that prior to October, 1888, the Columbia Bank gave notice to the defendant of its election to receive the full cash value of the policy; that the defendant refuses to deliver to the sheriff the property attached, or to pay over the amount demanded; that on application leave was duly given to the Columbia Bank and the sheriff to bring this action. The defendant, in its original answer, admitted the issuance of the policy to Hurley, and that certain attachment papers were served upon it; that, if Hurley survived the 8th of October, 1888, and had exercised the privileges secured to him by the policy, the full cash value would have been $2,835.30, but it denies that said sum was on that day due and payable to Hurley in accordance with the terms of the policy. It admits that it received in October, 1887, and April, 1888, sums in payment of the premiums on the policy due and payable at those times, and that the policy would have lapsed, and become valueless, if they had not been paid; but it alleges that it had no knowledge or information sufficient to form a belief as to whether the premiums were paid by the Columbia Bank on its own account or on account of Hurley. It also admits reservice of certain attachment papers on the 8th of October, 1888. The defendant also sets up as a separate defense that at the time of the attempted levy under the attachment in June, 1887, it did not have in its possession nor under its control the policy of insurance, and that it has never since had it in its possession nor under its control; and it also admits that on the 8th of October, 1888, it received a certain paper purporting to be an election by the Columbia Bank of an option contained in said policy, which said option it alleges was expressly and in terms to Hurley as the legal holder and owner of the policy; and it avers that it is informed and advised and believes that no levy was made upon the policy, and no lien was acquired by virtue of an attachment, and that there was no property of Hurley in its possession at the time of either of the levies or attempted levies in June, 1887, or October, 1888. The cause seems to have remained at issue on these pleadings for many years, and until the 6th of April, 1900, when the defendant was permitted to interpose a supplemental answer, interposing an additional defense, which it set forth in the following words:

"For a third separate and distinct defense this defendant, reaverring and realleging all that is averred and alleged in said original answer herein, further avers and alleges on information and belief that in or about the year 1882 Thomas J. Hurley, the person whose life was insured by the said policy referred to in the complaint, and the person in whose favor the said policy was issued, duly assigned for value and set over unto his children, Seth G. Hurley, Thomas J. Hurley, Cynthia L. Hurley (now Tilney), and Sarah Camilla Hurley, all his right, title, and interest in and to said policy of insurance and the benefits thereof. and at the same time delivered the said policy to his said children; that the said children of the said Thomas J.

Hurley ever since have been, and now are, and were at the time that the alleged levy was attempted to be made upon the said policy, the sole owners and holders of the same, the only persons entitled to the benefits thereof, and the only persons entitled to any options thereunder. Wherefore this defendant demands judgment as prayed for in the original answer herein."

The direct object of the defense set up in this supplemental answer is to show that at the time the attachment was issued against the property of Hurley the policy did not belong to him, but to strangers to the litigation. The question, therefore, is as to the ownership of the policy at the time of the commencement of the action, and as to the defense set up in the supplemental answer being available to the defendant, there being no allegation of notice of the assignment having been given to it before the action was brought. It is manifestly the duty of the insurance company to pay the amount due upon the policy to the real owner of it, or to whomsoever may have acquired a paramount lien upon it, or money payable under and according to its terms. The court below held that the assignment of the policy by Hurley to his children in 1882 operated by a change of title and ownership to prevent a lien attaching under the process issued by the Columbia Bank. The contention of the plaintiffs is that, in the absence of notice to the defendant of the assignment before the commencement of the action, a lien was secured in favor of the Columbia Bank by due service of the attachment on the defendant, and that, as a consequence, the defendant could not be held liable to the children of Hurley for the payment of the amount due on the policy to the sheriff under his levy. We are referred to adjudications made in other jurisdictions in which it has been held that, to perfect an assignment of a chose in action as against bona fide creditors of the assignor, notice of the assignment must be given to the debtor within a reasonable time, and that, unless given, creditors may attach, and acquire a valid lien. But a different rule seems to prevail in this state. Williams v. Ingersoll, 89 N. Y. 508; Fairbanks v. Sergent, 104 N. Y. 108, 9 N. E. 870, 58 Am. Rep. 490; Fortunato v. Patten, 147 N. Y. 277, 41 N. E. 572. The learned counsel for the appellants contends that the cases cited are not applicable, because an equitable rule was announced therein, and the courts were only considering the question as it arose in suits in equity; that in this action purely legal rights and relations are involved. We concur, however, with the learned judge below in the view that "the effect of notice is independent of the form of the action adopted to enforce the assignment." In Williams v. Ingersoll, supra, the case of Muir v. Schenck, 3 Hill, 228, 38 Am. Dec. 633, is cited with approbation, and it is remarked, "However much that case may have been criticised elsewhere, it has been considered well decided in this state." That was an action of debt on a bond, and in it it was held, to quote again from the Williams Case:

"That, as between different assignees of a chose in action by express assignments from the same person, the one prior in point of time will be protected, though he have given no notice to either the subsequent assignees or the debtor; and the question between a previous assignee and a subsequent attaching creditor was considered the same in principle as that between conflicting assignees."

Here the defendant, setting up the prior right of Hurley's children by supplemental answer, we must assume has received notice of it pendente lite, inasmuch as the court has permitted such an answer to be served, and the defendant has availed itself of the prior right of the assignees to discharge itself from this action.

The other points suggested by the learned counsel for the appellants do not seem to require especial consideration, and the interlocutory judgment should be affirmed, with costs. All concur.