Evidence that a few weeks before the death of a decedent he gave his third wife three bank books and three checks signed in blank, instructing her in writing to fill out checks for the balances due, and transfer them to the credit of their infant daughter, with evidence of a holographic instrument made within a few months thereafter, and which was insufficient as a will because not signed at its physical end, making the same disposition of the deposits, shows a sufficient delivery to or for the donee, and a valid gift to her as against children of a former marriage.

2. SAME.

Evidence that shortly before testator's death he delivered to his wife an assignment of a mortgage to their infant daughter, inclosed in an envelope, with instructions to have it recorded, saying that he wished his daughter to have the mortgage, where the signature to the assignment as well as the body of the instrument is known to have been in his handwriting, and is duly executed and recorded, is sufficient to establish a gift.

In the matter of the judicial settlement of Lizzie Reichert, administratrix of the estate of Charles G. Reichert, deceased. Objections dismissed.

George C. Hendrickson, for administratrix.
Thomas Young, general guardian, for Thadeuse Reichert, infant.
Patrick J. O'Beirne, for contestant.

PETTY, S. The deceased left, him surviving, his widow, the accountant, who was his third wife, his and her daughter, Thadeuse, an infant, and three adult children—one being the contestant herein—by his first wife. The objections are based on the ground that certain personal property consisting of live stock, jewelry, three savings bank accounts aggregating $6,000, and a mortgage of $1,300 on the premises which deceased owned and occupied at the time of his death, are not accounted for. It is alleged that such property comprised part of the personal estate of the decedent, and that contestant is entitled to share therein as one of the next of kin. None of this property is included in the inventory filed by the accountant and her deceased associate, and she explains its absence by offering testimony to show the disposal thereof by the deceased prior to his death. The testimony of the widow as to the bank accounts is in substance this: That the deceased resided with his wife, the accountant, and his infant daughter, on premises owned by him, near Huntington in this county; that a few weeks prior to his death he delivered to his wife the three bank books, each with a check signed in blank by him, a memorandum of instructions, and a memorandum of his age and place of birth pinned therein; and directed her to go to the respective banks, and transfer the accounts to his daughter, the infant. The checks were in the ordinary form, the memoranda attached being as follows:

"Go to the Bank find out the whole amount with interesse due to me, thene fill out one of the checks signed by me on the Bank and transfere the amount to the Credit of Thadeuse M. Reichert.

"I signed 2 checks in case the first one get spoiled.

"This amount of money belong to Thadeuse M. Reichert by my last Will.

"Fairground, October 2, 1900.                    Charles G. Reichert.

"Charles G. Reichert born in Mannheim, Baden, Germany on May 31, 1843. Residence at the time 497 West 124 Str. and Fairground, L. I."

The memoranda and checks are shown to be in the handwriting of deceased, and the transfer to the daughter has been made. The widow testifies further that the deceased delivered to her some time before his death an assignment of the mortgage above mentioned to his infant daughter, inclosed in an envelope, with instructions to have it recorded in the office of the clerk of this county, saying that he wanted his daughter to have the mortgage, and wished both the daughter and widow to reside on the farm. The signature to the assignment as well as the body of the instrument is known to be in his handwriting, and the paper is duly executed, and has been recorded. The envelope above mentioned is addressed "To the County Clerk's Office Suffolk County, Riverhead, L. I.," and a slip is attached thereto, reading thus: "Write on the assignment paper to whom the county clerk should send the assignment after it is recorded." These are also shown to be in the handwriting of the deceased. The contestant contends that this testimony is insufficient to establish the gifts, in view of the rule that such transactions are to be subjected to the closest scrutiny, and such gifts upheld only after the clearest proof. Such is undoubtedly the law (Ridden v. Thrall, 125 N. Y. 572, 576, 581, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 756; Ogilvie v. Ogilvie, 1 Bradf. Sur. 356, 357), and the questions presented are, therefore: First, whether the testimony is sufficient to establish the alleged transactions; and, second, whether, if established, they constitute valid gifts so as to take the property out of the estate.

While the courts are wont to look upon gifts of this character with some suspicion, it is apparent that the matters testified to by the widow would have naturally occurred only in the presence of herself and husband. While clear proof is required, therefore, it must also be remembered that a great amount of evidence will not usually be obtainable. Contestant calls attention to the fact that the witness is the mother of the alleged donee, while the other next of kin are children of an earlier marriage. This might have some weight were the widow's testimony without support. In that event the court might well hesitate to uphold the gift. But here, as in the case of Ridden v. Thrall, supra, we find corroboration in the writings left by the deceased. That the checks, memoranda, assignment of mortgage, envelope, and slips are in his handwriting is uncontradicted; and of a note of similar tenor to these, offered in the last-mentioned case, the court (at page 576, 125 N. Y., and page 628, 26 N. E., 11 R. A. 684, 21 Am. St. Rep. 756) says:

"While, standing alone. it [the note] would not have been sufficient to establish the gift, it furnishes strong confirmation of the evidence of plain-

tiff's wife as to the gift, and leaves no reason to doubt that it was made as she testified. It was competent as corroborating evidence."

It is worthy of note also that the alleged donee is the only infant child of the deceased, and that at the time of the alleged gifts he resided with her and her mother at his home in Huntington. His other children had grown up, married, and were established in life. It would have been but natural, under such circumstances, for him to wish to feel assured that she would be provided for after his death. Further corroboration is found in the paper executed by deceased as his will but a few months prior to these transactions, and which has been denied probate for insufficient execution, for by this instrument he bequeaths to this infant specifically two of the three bank accounts above mentioned and the $1,300 mortgage here in controversy, besides two other mortgages, one being for $4,500. It is significant also that this supposed will, which failed of probate solely because not signed at its physical end, was written entire by the deceased, that he remembers therein his widow and all four of his children, and that the last of the three bank accounts in issue is nowhere specifically mentioned. I am of the opinion, therefore, that the transactions testified to by the widow have been established both by reason and authority.

It is also my opinion that the evidence establishes valid gifts to the daughter, either inter vivos or causa mortis; which, is immaterial. The delivery to a third party for her is sufficient (Grymes v. Hone, 49 N. Y. 17, 22, 10 Am. Rep. 313), and the intent of the deceased that she should have the property is too clear to be disregarded (Ridden v. Thrall, supra; Westerlo v. De Witt, 36 N. Y. 340, 345, 93 Am. Dec. 517; Gray v. Barton, 55 N. Y. 68, 72, 14 Am. Rep. 181; Cosgriff v. Savings Institution, 24 Misc. Rep. 4, 52 N. Y. Supp. 189. The delivery of a ring and scarf pin by the deceased, testified to as at or about the same time as the transactions above considered, and in view of the corroboration heretofore mentioned, I believe must also stand as a valid delivery, though not accompanied by any writing. The objections as to live stock are sufficiently explained; and, as to counsel fees, dismissed for lack of proof. The account will be approved as filed. Tax costs and settle decree on notice.

Objections dismissed.