SHAFFER v. NORTH BRITISH & MERCANTILE INS. CO.

(Supreme Court, Appellate Term, First Department. June 16, 1915.)

JUDGMENT ☞787—LIEN—PRIORITY—ASSIGNMENT.

An assignment of a claim against an insurance company, assented to by the company, takes priority as against a judgment subsequently procured by a creditor of plaintiff's assignor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1361, 1363–1367; Dec. Dig. ☞787.]

Appeal from City Court of New York, Special Term.

Action by Nathan Shaffer against the North British & Mercantile Insurance Company, with Jennie Leventhal substituted. From an order interpleading Jennie Leventhal, plaintiff appeals. Reversed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Frank M. Franklin, of New York City, for appellant.

Leo Levy, of New York City, for respondent North British & Mercantile Ins. Co.

Louis Horwitz, of Brooklyn, for respondent Leventhal.

GUY, J.  The action was brought by the plaintiff, as assignee of Sam Lipkowitz, to recover $1,028.59 under a fire policy issued to the plaintiff's assignor. It appears from the verified complaint attached to the moving papers that the fire occurred January 12, 1915, and the loss was adjusted on January 25th, the insurer on said date promising to pay the insured $1,028.59 under the policy; that on January 14th the insured assigned to the plaintiff $1,000 out of the moneys due; that an acknowledged copy of the assignment was delivered to the company on or about January 27th; that thereafter the company acknowledged the receipt of the assignment, and informed the plaintiff that within 60 days after the loss was fixed payment would be made plaintiff; that on or about February 1st the insured assigned to the plaintiff the balance, $28.59, due under the policy; that on demand the company promised to pay the loss to the plaintiff, but subsequently refused to pay the same. It also appears from the plaintiff's affidavit that he paid $1,000 as the consideration of the assignment.

The grounds upon which the company asked for interpleader were that Jennie Leventhal procured a judgment against the plaintiff's assignor in the Municipal Court of the City of New York on February 23, 1915, for $399.40; that the said judgment was docketed in the office of the clerk of the county of New York, and execution issued to the sheriff of said county March 6, 1915; that in supplementary proceedings brought against the plaintiff's assignor by the judgment creditor the company on or about March 8, 1915, was ordered to be examined as a third party, the order containing the usual injunction against transfer of the judgment debtor's property; and that on or about April 2, 1915, an action was commenced in the Supreme Court, Kings county, by the judgment creditor against the insurer and the plaintiff's assignor.

No fact is presented tending to cast a doubt upon the validity of the assignment to plaintiff. Presumptively the assignment is valid, and, as it was made and served before the judgment was obtained by Jennie Leventhal against the plaintiff's assignor, it does not appear that the insurer was subjected to any hazard in the matter. Pouch v. Prudential Ins. Co., 204 N. Y. 281, 97 N. E. 731, Ann. Cas. 1913C, 1191; Stevenson v. N. Y. L. Ins. Co., 10 App. Div. 233, 41 N. Y. Supp. 964; Roberts v. Vanhorne, 21 App. Div. 369, 47 N. Y. Supp. 448; Columbia Bk. v. Equitable L. Ins. Soc., 61 App. Div. 597, 70 N. Y. Supp. 767. The theory of the action brought by the judgment creditor in the Supreme Court does not appear. The only paper served therein was a summons; and under the circumstances disclosed the company could not be required to pay over under the third party order.

As the record is bare of facts or circumstances throwing doubt upon the right of the plaintiff to recover, the order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.