FAIVRE *v.* UNION DIME SAV. INST.

*(Superior Court of New York City, General Term.    January 5, 1891.)*

SAVINGS BANKS—PAYMENT OF FUND INTO COURT.

Under Laws N. Y. 1882, p. 679, c. 409, (General Banking Act, c. 10,) § 259, providing that, in an action against a savings bank for moneys on deposit, persons claiming the fund, not parties to the action, may be made defendants thereto, and the rights of the several parties in the fund determined, and that the fund may remain with such savings bank to the credit of the action until final judgment therein, or that it "may be paid into court to await the final determination of the action, and when so paid into court the corporation shall be stricken out as a party to such action," etc., where such claimants are substituted and the savings bank stricken out, the latter should not be directed to open a new account as a deposit to the credit of the action, but should be required to deposit the fund in court.

Appeal from special term.

Action by Francois P. Faivre against the Union Dime Savings Institution for a balance of money deposited with defendant as a savings bank under an agreement by defendant that it might be drawn by either plaintiff or one Josephine Laurent, or, in case of the death of one of them, by the survivor. A short time before the death of said Josephine Laurent, a demand for the

money was made by Louis Grosclaude and Octave d'Hainaut, by virtue of assignments thereof to them by Josephine Laurent during her life-time, accompanied by orders by her on defendant for the payment of the money; but the demand was refused, as was another demand therefor, made after the death of Josephine Laurent. Upon defendant's petition said Louis Grosclaude and Octave d'Hainaut were substituted as defendants, and it was ordered that, upon said savings institution closing the account in the names of Josephine Laurent and plaintiff, and opening a new account as a deposit to the credit of the action, said savings institution might be stricken out as defendant; and thereafter, upon affidavit of the secretary of the savings institution that such former account had been closed and such new account opened, as directed, an order was made striking out the Union Dime Savings Institution as a party defendant. From these orders the defendants substituted thereby, Louis Grosclaude and Octave d'Hainaut, appeal. Laws N. Y. 1882, c. 409, § 259, p. 679, (General Banking Act, c. 10,) provides: "In all actions against any savings bank to recover for moneys on deposit therewith, if there be any person or persons * * * claiming the same fund, who are not parties to the action, the court in which such action is pending may, on the petition of such savings bank, and upon eight days' notice to the plaintiff and such claimants, make an order amending the proceedings in said action, by making such plaintiffs parties defendants thereto; and the said court shall thereupon proceed to hear and determine the rights and interests of the several parties to the said action in and to said funds. The said funds or deposits which are the subject of the said action may remain with such savings bank, upon the same interest as other deposits of like amount, to the credit of the action, until final judgment therein, and the same shall be paid by such savings bank in accordance with the order of the court; or the deposit in controversy may be paid into court to await the final determination of the action, and when so paid into court the corporation shall be stricken out as a party to such action, and its liability for such deposit shall cease."

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*H. A. Vien,* for appellants. *Arnoux, Ritch & Woodford, (William H. Arnoux,* of counsel,) for respondent.

PER CURIAM. The orders, when modified as hereinafter directed, may be sustained under the general banking act of the state of New York. Laws 1882, c. 409. (See chapter 10 of said act.) The provision directing the Union Dime Savings Institution to open a new account as a deposit to the credit of this action, under its usual by-laws and regulations, etc., should be stricken out, and in place thereof the said savings institution should be required to deposit the fund in court, according to the usual practice in such cases. As thus modified, the orders should be affirmed, without costs to either party on this appeal.