## McKEOWN v. BANK FOR SAVINGS.

(Supreme Court, Appellate Term. March 24, 1899.)

1. SAVINGS BANKS—ACTIONS—PARTIES.

    Where, in an action against a savings bank, the fund in controversy is deposited in the name of plaintiff and another, defendant is entitled to have the latter made a party, under Laws 1892, c. 689, § 115, providing that, in all actions against savings banks to recover money on deposit, all persons claiming it may, on motion of defendant, be made parties.

2. SAME—PAYMENT OF FUNDS INTO COURT—ORDERS.

    Under Laws 1892, c. 689, § 115, providing that, in actions against savings banks to recover money on deposit, the fund may remain with the bank, to the credit of the action, until final judgment, or be paid into court, the proper order is to require the deposit to be paid into court, unless the parties stipulate in writing that it may remain in the bank.

Appeal from city court of New York, general term.

Action by Mary Ann McKeown against the Bank for Savings. From an order of affirmance of the general term (54 N. Y. Supp. 1106), plaintiff appeals. Modified.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

T. M. Tyng, for appellant.
Strong & Cadwalader, for respondent.

FREEDMAN, P. J. This is an appeal from an order affirming an order granting a motion made by the defendant, under Laws 1892, c.

689, § 115, known as the "Banking Law," to have one Alexander Mc-Keown made a party defendant in this action. Under the decision in the case of Mahro v. Bank, 16 Misc. Rep. 537, 40 N. Y. Supp. 29, this order must be affirmed as hereinafter modified. The case at bar is much stronger than the case above cited, as in this case it is conceded that Alexander McKeown had an interest in the fund in question; said fund having been deposited with the defendant bank in the name of the plaintiff and said Alexander McKeown jointly.

Under the authority of Faivre v. Bank (Super. N. Y.) 13 N. Y. Supp. 423, the order appealed from must be modified by striking out the words, "Ordered that the said funds on deposit, which are the subject of this action, remain with the defendant Bank for Savings upon the same interest as other deposits of like amount, until the final determination herein," and inserting in place thereof, "That the said defendant Bank for Savings be required to deposit said fund in court, according to the usual practice in such cases, within ten days after entry of this order, and service of notice of entry upon said defendant bank, unless the parties within that time stipulate in writing that the said fund remain with said bank"; and as so modified the order of the special and the general terms is affirmed, with costs to defendant, the Bank for Savings, to be paid out of said fund. All concur.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

