(40 App. Div. 498.)

## WELLS v. NATIONAL CITY BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    May 19, 1899.)

INTERPLEADER.
   Under Code Civ. Proc. § 820, providing that defendant in an action to recover upon a contract or to recover a chattel may, upon proof that a person not a party to the action makes a demand against him for the same debt or property, apply to the court for an order substituting such person, defendant is not entitled to the order upon the mere showing that a third person has made a demand for the same debt or property without collusion, but must show the facts upon which the claim is based, and that it has some reasonable foundation.

Appeal from special term, New York county.

Action by James L. Wells, as trustee in bankruptcy of Russell H. Hoadley and Chester C. Munroe, bankrupts, against the National City

Bank of New York, to recover funds deposited with defendant by said bankrupts. Motion by defendant for an order of interpleader. From an order granting the motion, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

W. C. Percy, for appellant.

John A. Garver and Moses Weinman, for respondent.

PATTERSON, J.    This is an appeal from an order of interpleader. It was made to appear to the court below that on November 28, 1898, the firm of Hoadley & Co. had on deposit with the defendant a sum of about $45,000; that on the day named they filed their petition in bankruptcy; that they were adjudged bankrupts in December, 1898, and the plaintiff was appointed trustee of their estate in February, 1899.    Upon qualifying as such trustee, he made a demand upon the defendant for the moneys on deposit, and, such demand being refused, he brought this action.    Thereupon the defendant moved upon an affidavit of its cashier to interplead the Tropical Trading & Transporting Company, Limited, and one Minor C. Keith, upon allegations that the first-mentioned of such parties claimed $17,351 of the moneys so on deposit, and the latter claimed the whole amount of such moneys. The only other allegations of any materiality contained in the cashier's affidavit are that the claims mentioned were made without collusion of the defendant, and that the defendant has no interest in the same except to pay the money to the person actually entitled, and there is a general statement that the defendant cannot safely determine to which of the claimants the money should be paid, and is ready and willing to pay the same into court, or as the court may direct, upon the defendant being discharged from liability to either the plaintiff or the claimants.    Annexed to the affidavit of the cashier are exhibits purporting to be copies of notices of claim served upon the defendant by the Tropical Trading & Transporting Company, Limited, and by Mr. Keith, through his attorneys.    In addition to the affidavit of the cashier and the exhibits annexed thereto, the defendant presented to the court an affidavit made by one of the attorneys of the parties who served the notices of claim upon the defendant.    That affidavit adds nothing whatever to the force of the moving papers.    It merely states that the affiant is a member of a firm of attorneys at law, acting for the two parties named, and that such parties claim the whole of the fund on deposit with the National City Bank, and that such claim is based upon the ground that the fund is derived entirely from the proceeds of property belonging to such parties, and that those parties have fully and fairly stated to him, the affiant, the facts upon which they base their claim, from which statements he believes that property belonging to the Tropical Company of the value of $17,000 was disposed of by the bankrupts, and property consisting of negotiable drafts belonging to Mr. Keith was also disposed of by the bankrupts, of the value of $44,000, and that the subject of the action consists of the proceeds of the property so disposed of, and he believes the claims of his clients to be meritorious, and made in good faith, and without any collusion with any party to this action.    Such an affidavit, made under such

circumstances, being based upon nothing but statements and communications made by a client to an attorney, can have no force whatever as proof, notwithstanding the entire good faith with which it may be made.    It is insisted by the respondent that it is entitled to the order of interpleader under section 820 of the Code of Civil Procedure upon the mere showing that a person, not a party to the action, has made a demand for the same debt or property without collusion; and in support of that view it relies upon certain cases, such as Dreyfus v. Casey, 52 Hun, 96, 5 N. Y. Supp. 65, in the opinion in which case it is said that it is only necessary, in moving for an interpleader under section 820 of the Code, for a defendant to show, in order to avail himself of its provisions, that a person not a party to the action makes a demand for the same debt or property without collusion with him.    It is argued that the section, applying only to a proceeding by motion, requires less to be shown than would be necessary to support an action for an interpleader.    The case cited has been criticised in other decisions; notably in Burritt v. Publishing Co., 19 App. Div. 610, 46 N. Y. Supp. 295, in which it is said that both the old action of interpleader and the Code provision contemplate the same result, which is to relieve a party from contesting a claim in which he has no interest; that the practice has been simplified by the Code provision; that that provision is a substitute for the action, but that fact furnishes no reason for dispensing with such proof as was heretofore required to entitle a party to relief by suit.    In Schell v. Lowe, 75 Hun, 43, 26 N. Y. Supp. 991, it was held that the remedy authorized by section 820 of the Code of Civil Procedure is a substitute for the action of interpleader, and is governed entirely by the same principles, and it is there proclaimed that in such a suit it must be shown that there are adverse claims to the same thing, that the complainant has no beneficial interest in that thing, that he cannot determine, without hazard, to which of the claimants the thing belongs, that there is no collusion between the person seeking the relief and the claimants, and that he brings the money into court to await the determination as to its ownership.    In Bank v. Yandes, 44 Hun, 55, it was held that a reasonable doubt that the stakeholder would be safe in paying must be shown.    Section 820 of the Code makes it discretionary with the court to grant the motion, which, of course, means a judicial discretion.    The later cases in this court indicate under what circumstances that discretion will be exercised.    Thus, in Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964, it was held that the section of the Code referred to introduces no new rule respecting requirements necessary for an interpleader.    That, to authorize an order, it is not sufficient that a claim has been presented against a fund already claimed by another, but that it is necessary for the moving party to prove that the claim has some reasonable foundation, or that the stakeholder cannot, without hazard, determine to which of the claimants he should pay the fund.    What is required upon the subject is proof of some kind, and not naked assertions.    In Roberts v. Vanhorne, 21 App. Div. 369, 47 N. Y. Supp. 448, the subject is again considered, and there it was held that an order of interpleader should not be granted where the moving affidavit failed to state facts or cir-

cumstances which placed in doubt the right of the plaintiff to recover the moneys be sued for, or which failed to show that the demand of an alleged claimant had some reasonable foundation from which the inference might be drawn that the moving party would be placed in danger were the order not granted. And the same view was again taken in Wertheimer v. Independent Order Free Sons of Judah, 28 App. Div. 64, 50 N. Y. Supp. 842. From these cases it appears that the discretion resting in the court under section 820 will not be exer-. cised in the direction of granting an interpleader, and thus involving a plaintiff in serious controversies and litigations with third parties, unless something more appears than that a demand has been made, or a notice of claim served upon a defendant seeking to interplead. That is the situation in this case. No facts are shown which indicate that the defendant is really placed in peril with reference to this fund by reason of anything contained in the notices served by the Tropical Company and Mr. Keith. The basis of the Tropical Company's claim does not appear in its notice. That of Mr. Keith seems to be based on an allegation that the proceeds of negotiable paper belonging to him have gone into the bank accounts of the bankrupts. But the same notice in each case, which would locate the moneys claimed by those parties in the National City Bank, also locates the identical moneys in the Western Bank of the City of New York, for the notices are directed to both banks for precisely the same moneys arising out of precisely the same transactions. As said before, the affidavit of the attorney as to information received from his client does not identify the fund in the City Bank as the proceeds of property belonging to either of the parties on whose behalf the notices were served.

Without considering other questions that have been raised on this appeal, we think the order must be reversed, with costs, and the motion for the interpleader denied, with costs. All concur.