(28 Misc. Rep. 42.)

### BUTLER v. ATLANTIC TRUST CO.

(Supreme Court, Special Term, New York County. June, 1899.)

INTERPLEADER—WHEN WILL BE GRANTED—POSITION TAKEN BY PARTY SOUGHT TO BE INTERPLEADED.

In an action to recover certain money, where a motion is made by defendant, under Code Civ. Proc. § 820, which provides that when a person not a party to the action makes a demand against defendant for the same debt or property the court may substitute such person in the place of defendant, and discharge defendant from liability on his paying into court the amount of the debt, for an order allowing it to deposit the money in question in court, and for the substitution of a third person, who is asserting claim to such money, as defendant, and such person alone opposes the application, refusing either to take position squarely with respect to the nature of his claim, or to withdraw the assertion of the same, the motion will be granted.

Action by J. Jaffred Butler, as temporary administrator of Joseph Richardson, deceased, against the Atlantic Trust Company, to recover certain money. Motion for an order of interpleader. Motion granted.

Hand, Bonney, Pell & Jones, for the motion.
Taylor & Seymour, opposed.

BEEKMAN, J. In 1896 the defendant loaned to the plaintiff's testator, Joseph Richardson, the sum of $15,000, for which the latter gave his note in the usual form, and also pledged 200 shares of railway stock as collateral security for the payment of the loan. After Richardson's decease, the loan was called, and, not being paid, the defendant sold the collateral, and, after paying the indebtedness out of the proceeds, had, and now has, in its hands a surplus amounting to something less than $10,000, for which it is bound to account to the owner of the stock. This action is brought by the plaintiff, as temporary administrator of the deceased, to recover the money, which

would have been paid to him by the trust company had it not been for a hostile claim, of which it was notified, made by one Emily Emmet, arising out of the following facts, to which she swears, namely: That the stock in question belonged to her; that she had intrusted it to Richardson's care; that she had never authorized him to pledge or use it in any way for his own benefit, and that, while she had indorsed the certificates in blank with the intention of making them negotiable, she did so in order that he might the more conveniently dispose of them for her benefit whenever she so directed. This motion is now made by the defendant for an order under section 820 of the Code of Civil Procedure, allowing it to deposit the money in question in court, and for the substitution of Emily Emmet in its place as defendant in the action. She alone opposes the application, and, in that aspect, the case is somewhat peculiar, as such opposition usually comes from the plaintiff. One of her objections is that the defendant has not brought itself within the rule laid down in numerous decisions upon the subject that "it is necessary for the moving party to prove that the claim has some reasonable foundation, or that the stakeholder cannot, without hazard, determine to which of the claimants he should pay the fund." Wells v. Bank (App. Div. First Dept., May, 1899) 58 N. Y. Supp. 125; Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964; Bank v. Yandes, 44 Hun, 55. The reason upon which the rule rests is that a plaintiff suing for the recovery of money or property should not be compelled without good cause to litigate his right or title thereto with a third party, who may choose to lay claim to the same debt or property. It is thus for the purpose of relieving the plaintiff from vexatious and ill-founded interference with the proper enforcement by him of his rights against the party from whom he asks redress that the defendant, seeking to interplead him with a third party claimant, is required to state facts from which the court can determine whether the defendant is exposed to actual hazard of a double payment. In such a case the plea of inconvenience to the plaintiff must yield to the proper protection of the stakeholder. But here, as I have said, the plaintiff does not ask the protection of the rule. On the contrary, he unites with the defendant in asking that the motion be granted; and, as the rule is for his benefit, it is impossible to see on what reasonable ground it can be invoked by the third party claimant. Indeed, the absurdity of requiring the defendant to demonstrate to the latter that the claim which she makes has some reasonable foundation is too patent to call for any discussion. At most, all that might be conceded to her is the right to insist that, before she is brought into the action, it should be made to appear that there is some reasonable foundation for the plaintiff's claim. In the case at bar the facts are sufficiently set forth which show that to be the case, and, even if the sufficiency of the defendant's papers with respect to the claim of Emily Emmet was a question of the case, the defect would be remedied by her affidavit, which states the facts above mentioned out of which such claim arises. But there are other grounds suggested in the affidavit with considerable adroitness, upon which her counsel seeks to avoid an interpleader. While not withdrawing her claim to the fund in ques-

tion, or relieving the defendant of the prohibition she has laid it under against paying it to the plaintiff, she states, in effect, that she may have other claims against the defendant growing out of the transaction between it and Richardson; that the defendant may have had some actual or constructive notice of her rights in the stock when the loan was made, which would give her a right of action against the company to recover its value; and that there were other loans between Richardson and the company upon collateral undeniably his, and that she may have the right to insist upon the application of any surplus arising from the sale of such collaterals towards the payment of the $15,000 loan in exoneration of the fund which arose from the sale of the stock which, as she contends, belonged to her. But the difficulty is that the facts which would give substance and legal potency to such claims are absent. The learned counsel doubtless hopes that one or the other may be found to have substantial existence, and to be more advantageous to his client than the claim which she has also asserted to the surplus in litigation here; but that is all that can be said about it. True, he has, since the suit was begun, caused a summons to be served upon the trust company in an action against it by Emily Emmet, but no complaint has been served, and on the argument he observed a prudent reticence with respect to the particular nature of the cause of action. The policy of the claimant, Emmet, evidently is to avoid as long as possible the necessity of committing herself finally to any particular form or kind of claim against the company, and in the meantime to protect herself against being barred by a judgment in this action in favor of the plaintiff from recovering the surplus moneys in case she should ultimately determine to stand on that particular claim. But such a position as this is highly inequitable. The intention is to make it hazardous to the trust company to pay the plaintiff, or perhaps it would be more accurate to say that the purpose is to create a situation which plainly involves an utter disregard of the just rights of the defendant. The court should not permit such an attitude as this to prevail. The defendant, as a stakeholder, has a claim for relief resting on equitable considerations which the law recognizes and will enforce when the equities of the case call for such action as, I think, they do here. It was the duty of the claimant, Emmet, when this motion was made to take her position squarely with respect to the nature of her claim, and either to stand upon her right to the surplus moneys in question, in which event the order of interpleader would have to be granted, or to withdraw the assertion of the claim she had made to it, and thus relieve the defendant of the necessity of bringing her in for its protection. This much, at least, it seems to me, the defendant had the right to expect. In the absence of it, the court should decide that, the claim to the money in suit being still outstanding, the claimant, Emmet, should be brought into the action, and the defendant discharged therefrom on depositing the fund, especially as this is the only claim which, upon the facts stated in her affidavit, can be seen to have a reasonable foundation.

Motion granted.