nier, 45 N. Y. 535; Van Koughnet v. Dennie, 68 Hun, 179, 22 N. Y. Supp. 823; Hess v. Smith, 16 Misc. Rep. 55, 37 N. Y. Supp. 635; Coddington v. Coddington, 10 Abb. Prac. 450; Arthur v. Israel, 15 Colo. 147, 25 Pac. 81, 10 L. R. A. 693; Kirrigan v. Kirrigan, 15 N. J. Eq. 146; In re Ellis' Estate, 55 Minn. 401, 56 N. W. 1056, 23 L. R. A. 287; Ellis v. White, 61 Iowa, 644, 17 N. W. 28; Hunter v. Hunter, 111 Cal. 261, 43 Pac. 756, 31 L. R. A. 411; Knott v. Taylor, 99 N. C. 511, 6 S. E. 788. Several of these cases were actions where a party, having obtained a divorce, attempted to call in question the jurisdiction of the court which granted the same, and it was held that the principle to which we have just adverted could and should be applied; and we are clearly of the opinion that it may be resorted to with great propriety in the present case, in view of its somewhat remarkable circumstances. Mrs. Swales, in order to obtain an absolute divorce from her husband, elected to go into the state of Illinois, where the rules and regulations respecting such actions are much less rigid than they are in this state. She obtained what she went for, and, reposing upon the regularity and security of her decree, she subsequently married another man, with whom she is still living. Having made this election, and secured to herself all the benefits that were obtainable therefrom, it would seem like a travesty of justice to permit her now to repudiate the same, and, by impeaching the validity of the decree under which she has lived for 18 years, to administer and appropriate the personal estate of a man from whom for that period of time she had proclaimed to the world that she was absolutely divorced.

The decree of the surrogate's court should be reversed, with costs, and the prayer of the petition denied. All concur.

---

(60 App. Div. 232.)

STEINER v. EAST RIVER SAV. INST.

(Supreme Court, Appellate Division, First Department. April 29, 1901.

ACTION AGAINST SAVINGS BANK—INTERPLEADER.

> Under Banking Law, § 115, subd. 2, providing that in an action against a savings bank to recover a deposit, "if there be any * * * persons not parties to the action who claim the same fund, the court * * * may, on the petition of such savings bank, * * * make an order amending the proceedings in an action by making such claimants parties defendant thereto; and that court shall thereupon proceed to determine the rights and interests of the several parties," a third person should not be made a party on the mere statement of the bank that he claims the fund, without showing some ground on which he may reasonably assert the claim; at least where plaintiff by uncontradicted affidavits shows that such person has no right to the fund.

> Hatch and Ingraham, JJ., dissenting.

Appeal from special term, New York county.

Action by William B. Steiner, as president of Washington Council, No. 19, Order of Chosen Friends, against the East River Savings Institution. From an order granting defendant's motion for an interpleader, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Gilbert D. Steiner, for appellant.

Michael C. Gross, for respondent East River Sav. Inst.

William L. Mathot, for respondent receivers.

PATTERSON, J. The defendant, a savings institution, held upon deposit a sum of money in the name of "Washington Council, No. 19, Order of Chosen Friends." The plaintiff, as president of that council, brought this action to recover the amount of such deposit. Thereupon the defendant presented to the court an affidavit made by its secretary, setting forth, among other things, that a demand for the same sum of money was made upon the defendant by William J. Martin, as receiver of the Order of Chosen Friends, and that such receiver claimed, and still claims, that the fund on deposit was the property of the Order of Chosen Friends, and belonged to and should be paid to him as such receiver; that, there thus being conflicting claims of the plaintiff and of the receiver of the Order of Chosen Friends to the same sum, the defendant cannot safely determine to which of said claimants it should be paid; that it is ready and willing to deposit said sum in court, or as the court may direct, upon being discharged from further liability to either party; that the conflicting claims have been made without collusion of the defendant with either of the claimants, and that the defendant has no interest in said sum, except to pay the same to the person rightfully entitled thereto. The defendant therefore asked that an order be made permitting it to bring such sum into court, and for an order interpleading the receiver, and that it be discharged from further liability for the moneys so held by it. Upon this affidavit an order to show cause issued, and upon the return thereof the motion was opposed by the plaintiff, and affidavits were presented on his behalf which showed that the plaintiff was the president of a subordinate lodge of the Order of Chosen Friends; that under the laws of that society the Washington Council was the agent of its members to collect and then pay monthly to the supreme council of the Order of Chosen Friends a certain sum for each member, to constitute a relief fund; that that fund is the only one to which the Order of Chosen Friends or the supreme council of the Order of Chosen Friends was entitled to receive from the Washington Council, and that it was entitled to no other moneys or funds of said Washington council. There were other affidavits read and filed by the plaintiff, which showed that the fund on deposit in the East River Savings Institution, and which is the subject-matter of this action, is not a relief fund, and that neither the Order of Chosen Friends nor the supreme council of that order was entitled to the fund now on deposit with the defendant, and that such fund was entirely at the disposition of the Washington council, and belonged to it in independent ownership. Mr. Martin was appointed one of two receivers of the parent organization, and appears to be the only one who qualified. By the order of his appointment it is provided as follows:

"That all persons or corporations in'debted to the defendant [that is, the parent organization] in any manner, shape, or form, having or holding any funds, properties, or moneys ·of said defendant, on deposit or otherwise, do refrain, and they are hereby restrained and enjoined, from in any manner delivering, paying, or otherwise 'disposing of the same to any person or persons, corporation or corporations, save and excepting to said receivers, without further order or leave of the court, to be had and obtained only upon notice to the plaintiff and the said receivers herein duly appointed; and it is further ordered that the defendant [that is, the parent organization], its officers, agents, and all its subordinate branches and councils and officers, are hereby directed to assign, transfer, and deliver to the said receivers all the property and assets of the said defendant [the parent organization] in their or either of their possession or under their control," etc.

By the order creating the receivership the subordinate lodges or councils of the Order of Chosen Friends were only required to pay to the receiver such money as belonged to it.   The defendant, in making its ·application, failed to state any fact tending to show that the receiver was entitled to the money on deposit with the defendant in the name of the Washington council.   It only showed that a claim had been made by the receiver.   The court below granted the motion, and made the order applied for.   Considering the application as made under section 820 of the Code of Civil Procedure, the order was improperly granted.   The discretion given to the court by the provisions of that section should not be exercised in favor of an applicant upon a mere statement that a demand has been made or a notice served upon a defendant seeking to interplead the demandant.   It is necessary for the moving party to show that the claim made by the third party has some reasonable foundation, and that 'the stakeholder cannot, without peril, determine to which of the claimants he should pay the fund.   Wells v. Bank, 40 App. Div. 498, 58 N. Y. Supp. 125, and cases there cited.   It is contended, however, that the defendant was entitled to the order appealed from under the provisions of the second subdivision of section 115 of the banking law, which provides that in all actions against savings banks to recover for money on deposit therewith, if there be any person or persons, not parties to the action, who claim the same fund, the court in which the action is pending may, on the petition of such savings bank, and upon eight days' notice to the plaintiff and such claimants, make an order amending the proceedings in the action by making such claimants parties defendant thereto, and the court shall thereupon proceed to determine the rights and interests of the' several parties to the action in and to such fund.   By the third subdivision of the same section it is provided, among other things:

"Or the deposit in controversy may be paid into court to await the final determination of the action; and when so paid into court, the corporation shall be stricken out as a party to any such action, and its liability for such deposit shall cease."

It is to be noticed that the terms of the provision of the banking law quoted do not make it mandatory upon the court to make the order upon application.   It is left discretionary with the court to grant or refuse the application.   The language of the statute is that the court in which the action is pending may, on petition of the sav-

ings bank, make the order, where some one not a party to the action claims the same fund. The same reason that requires the construction which the courts have given to section 820 of the Code of Civil Procedure applies with the same force to the construction that should be given to the provisions of the section quoted of the banking law. It cannot be regarded that the legislative intent was to authorize a savings bank to retain from the depositor with whom it has entered into a contract the moneys belonging to him upon the simple demand or notice of a third party. The word "claim," as used in the statute, must be interpreted and applied in its legal sense. "The ordinary signification of claim is that of a right or title, actual or supposed, to a debt, privilege, or other thing in the possession of another." Gardiner, J., in Lawrence v. Miller, 2 N. Y. 254. The court, when called upon to exercise its discretion, should be able to see that there is some foundation for the claim of a third party, and that it is not merely capricious, or arbitrary, or fanciful; and, in order that this may be done, it is the duty of a person asserting the claim to show that he has some ground upon which he may reasonably assert the claim or base a supposition that he is entitled to what he demands. Here not only has the defendant failed to furnish the necessary facts to support a real or supposed claim, but the plaintiff has shown in affidavits uncontradicted and not replied to that by the order of his appointment the receiver of the Order of Chosen Friends is entitled to a relief or mortuary fund only, and it is made to appear affirmatively that the money on deposit with the defendant is not part of a relief or mortuary fund. Under such circumstances the plaintiff should not be embarrassed in the enforcement of its demand arising under a direct contract with the defendant. There is no reason shown for obstructing the enforcement of his legal rights, since the order appointing the receiver only authorizes him to collect such moneys as belonged to the Order of Chosen Friends receivership, and the subordinate councils are only required to pay over moneys coming within that category.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except HATCH, and INGRAHAM, JJ., who dissent.

INGRAHAM, J. I do not concur with Mr. Justice PATTERSON. The defendant, the savings bank, had no possible interest in the fund by which it should be required to determine between two conflicting claimants to pay one of them, and be compelled to defend in an action the claim of the other. The expense of such a defense, together with the loss that would be involved if the bank had made a wrong decision, would be thrown upon the other depositors. This was what the statute was designed to prevent, which provides:

"If there be any person or persons, not parties to the action, who claim the same fund, the court in which the action is pending may, on the petition of such savings bank, * * * make an order amending the proceedings in the action by making such claimants parties defendant thereto; and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such funds."

The statute does not provide that a party shall be interpleaded when he makes a claim to the fund. But in all cases against a savings bank, if there be any person or persons, not parties to the action, who claim the same fund; such person is to be made a party to the action, and the provisions of the statute are then mandatory that the court shall determine in one action the rights and interest of the several parties in and to such fund. In this case a sum of money has been deposited with the bank which is claimed by two organizations, both of the same name; one the parent organization, the other a subordinate. A receiver of the parent organization has been appointed, and that receiver has demanded from the savings bank this sum on deposit with it. To what extent, if any, the parent organization has interest in this fund is a question which the bank should not be required, at its risk, to determine. There can be no possible injury to the plaintiff if the other claimant is made a party to the action, and all questions determined in one action. I think, therefore, that the court was right in granting the application.