JENKS, J.   The sole ground of the motion was that section 3268 of the Code of Civil Procedure violates the fourteenth amendment of the constitution of the United States of America.   This amendment merely requires that all persons subjected to legislation shall receive like treatment under like circumstances and conditions.   Class legislation, discriminating against some, and favoring others, is prohibited; but legislation which, carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated, is not within the amendment.   Barbier v. Connolly, 113 U. S. 27, 32, 5 Sup. Ct. 357, 28 L. Ed. 923; Missouri v. Lewis, 101 U. S. 22, 25 L. Ed. 989; Hayes v. Missouri, 120 U. S. 68, 7 Sup. Ct. 350, 30 L. Ed. 578; Conley v. Institution, 11 R. I. 147.

The order should be affirmed, without costs.   All concur.

---

(64 App. Div. 423.)

### LATEER v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Second Department.   October 11, 1901.)

INSURANCE—POLICY—ASSIGNMENT—ACTION—INTERPLEADER.

> The fact that a wife, who brings an action as administratrix of her deceased husband on a policy of insurance issued to such husband, and payable to his executors or administrators, left her husband, and gave the policy in suit to another, saying that if such other party would keep up the payment, he could have the same, and all benefits thereunder, does not warrant an order of interpleader as to such party, since plaintiff had no title to the instrument which she could convey.

Appeal from special term, Orange county.

Action by Irene Lateer, as administratrix of the estate of Judson T. Lateer, deceased, against the Prudential Insurance Company of America.   From an order of interpleader substituting Lewis W. Robinson as defendant, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Frank Lybolt, for appellant.

William O. Campbell, for respondent.

WILLARD BARTLETT, J.   This action was brought by the plaintiff, as administratrix of her deceased husband, to recover $500 upon a policy of insurance whereby the Prudential Insurance Company agreed to pay that sum to the executors or administrators of Judson T. Lateer within 24 hours after proof of his death.   The basis for the order of interpleader is a claim to the ownership of the policy, made by one Lewis W. Robinson, who is the son-in-law of the plaintiff.   Mr. Robinson in his affidavit alleges that the plaintiff left her husband in September, 1900, and about that time gave to him the policy in suit, and the receipt book accompanying the same, saying that she could keep it up no longer, and that if he would keep up the payments   he could have the policy, and all benefits to be derived thereunder.   This transaction, assuming that it took place precisely as alleged in the affidavit, conveyed no title to the instru-

ment. The policy did not belong to Irene Lateer as the wife of the insured, nor had she any right to give it away. The instrument, as appears by the complaint, was issued and delivered to the insured husband himself, and by its terms was payable to his executors or administrators; and the wife's right to sue upon it now grows solely out of the fact that she has been appointed administratrix. Under these circumstances, the claim of the party who has been substituted utterly lacks that reasonable foundation which is necessary to warrant an order of interpleader. Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964.

The order should be reversed. All concur.

