## McGUIRE v. AUBURN SAV. BANK.

(Supreme Court, Appellate Division, Fourth Department. December 2, 1902.)

1. SAVINGS BANKS—DEPOSITS—ADVERSE CLAIMS—INTERPLEADER.

Banking Law, § 115 (Laws 1882, c. 409, § 259, and c. 689, Laws 1892), provides that in all actions against any savings bank to recover deposits, if there be any person not a party who claims the fund, the court may on petition of such bank make an order amending the proceedings by making such claimant a party defendant, when the court shall determine the rights of the several parties. Held, that where an administrator claimed a deposit sued for by an alleged donee of the deceased, and had ordered his attorneys to sue to collect the same, the court had power to order that such administrator be made a party to the action by the donee on the bank's application, without requiring the bank to show that the administrator's claim was well founded.

Appeal from special term, Seneca county.

Action by Margaret McGuire against the Auburn Savings Bank. From an order granting an interpleader, and directing that the administrator of Mary Murphy be made a party defendant in the place of the bank, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

MacDonald Bros., for appellant.

Underwood, Storke & Steward, for respondent.

WILLIAMS, J. The order should be affirmed, with $10 costs and disbursements. The action was to recover the amount of a deposit made by the deceased in the defendant savings bank. The deceased died December 20, 1900. On that day some person presented to the bank the pass book of deceased, with an order, purporting to have been signed by her, for the payment of the fund to one Bridget La Fleur, and requested the transfer of the fund to

the account of La Fleur, and the bank thereupon made the transfer. The plaintiff claims the order was signed by deceased, and delivered with the bank book to La Fleur, for the purpose of transferring the fund to her; that La Fleur thereafter, and May, 1901, assigned and transferred the fund to the plaintiff; and that she is the owner thereof. In January, 1901, before the transfer to the plaintiff, the administrator of deceased's estate made claim to the fund as the owner thereof, and demanded payment of the same from the bank, and later, and before the commencement of this action, gave notice in writing of his claim of title to the fund, and forbade the bank to pay it to the plaintiff. The plaintiff commenced this action December 10, 1901. Thereafter, and January 24, 1902, the administrator served upon the bank another written claim to the fund, with his affidavit annexed, wherein he stated that he was husband of the deceased at the time of her death; that he was informed and believed that the deceased was the owner of the fund when she died; and wherein he denied that any transfer thereof was legally made by her in her lifetime to La Fleur, or that La Fleur ever became legally or rightly the owner or entitled to the possession of the fund; and wherein he stated, upon information and belief, that deceased did not, as claimed by La Fleur, make any present of the fund to her, or transfer the same to her; and wherein he stated that he had fully and fairly stated the case with reference to the fund to his counsel, and that he had a good cause of action on the merits against the bank to recover the fund, as he was advised by counsel after such statement, and verily believed that he had instructed his counsel to bring action against the bank or take such other proceedings as they should think best to recover the fund from the bank, and that he intended, in good faith, to bring such suit, unless some other means could be afforded to accomplish the same object. The bank thereupon applied for the order appealed from, upon its petition verified by its treasurer, which showed the facts hereinbefore stated, and that the bank had no knowledge or information sufficient to form a belief as to the existence of any facts which would enable it to determine, with safety, the merits of the controversy as to the fund between plaintiff and such administrator, or as matter of law which of the parties was entitled to the fund. The petition also showed the willingness of the bank to pay the fund to the party entitled to it, etc. Upon the hearing no affidavits or papers of any kind were read in behalf of the plaintiff, and thereupon the order was made, pursuant to section 115 of the banking law of the state.

The plaintiff claims the order was improperly granted upon the showing made in the moving papers. No objection is made to the terms of the order disposing of the fund during the pendency of the action, or discontinuing the action as to the bank, if the provision bringing the administrator in as a party defendant is upheld. The contention of the plaintiff is that the bank was not entitled to the relief under the section referred to unless it gave some proof to sustain the claim made by the administrator. The language of this section is as follows (see Laws 1882, c. 409, § 259, and Laws 1892, c. 689):

"In all actions against any savings bank to recover for moneys on deposit therewith, if there be any person or persons not parties to the action who claim the fund, the court in which the action is pending may on the petition of such savings bank, and upon eight days' notice to the plaintiff and such claimants, make an order amending the proceedings in the action by making such claimants parties defendant thereto, and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such fund."

The section is applicable to savings banks only, and its language is plain and specific. There is no requirement that the bank shall assume the burden of giving proof to sustain the claim made as a condition of having the benefit of the section. It is only required to show that a claim is made, and then the court has power and is called upon to exercise the discretion conferred upon it by the statute. The discretion is, however, a judicial one, and is not to be arbitrarily exercised. All further showing as to the claim besides the fact that it is made is addressed to the discretion of the court and the proper exercise thereof. Whether it should be exercised in favor of the bank in any case will depend upon the facts in that particular case. There should be no fixed rule that the relief be denied unless the bank gives some proof to support the claim. If, as contended by the plaintiff here, the bank were required to give such proof, the section would often be of no value in cases where it was most needed, because the claimant might refuse absolutely to disclose its proofs in advance of the trial for the benefit of the plaintiff. In this case the controversy is apparently to be confined to the question of the giving of the order to La Fleur. It may be claimed the signature of the deceased is a forgery, or that deceased was incompetent to make the order, or was induced to do so by fraud or undue influence. The claimant does not disclose in his affidavit just what his theory will be, or what evidence he has to support it, and may well decline to do so, in advance of the trial, even for the purpose of this motion. He states on his information and belief that the order was not given so as to transfer any title to the fund. He was the husband of the deceased, and it appears that the deceased died the same day that the order and book were presented to the bank and the transfer made by it to La Fleur. Where the husband was when the order was made, where he was when his wife died, what he knows about her condition of mind or her relations with La Fleur, or about the alleged signing or delivery of the order, he does not disclose. He does say under oath, however, that he claims title to the fund, and he in good faith intends to take proceedings to recover it, and will sue the bank, and has instructed his attorneys to do so, unless afforded some other means of recovering the fund, and then the bank states upon oath of its treasurer that it has no knowledge or information as to the existence of any facts which will enable it to determine with safety the merits of the controversy between the plaintiff and the administrator, or which is entitled to the fund; and to all this the plaintiff makes no answer whatever.

There can be no doubt, upon this showing, that the court was authorized to exercise its discretion in favor of the bank and to make the order. The object of this statute is to relieve these savings

banks from two or more litigations over the same deposit, with all the expense attending the same, and the danger of having to pay the amount of the deposit to two or more different persons. A recovery by one claimant would be no bar to a recovery of the same deposit by as many others as might severally claim the same. If the court is satisfied there will be other suits brought by the claimants against the bank, unless they are brought into the suit already pending, should the relief be denied because the claims made are not shown by the bank to be good ones? It should be made to appear by some evidence that there is hazard and danger to the bank in paying to the plaintiff, in view of the claim made by the third party, but such evidence need not, of necessity, be directed to the sustaining of the claim. There seems to be no doubt in this case that the administrator persistently claims this fund, and will have his day in court and seek to recover the same. The court very properly, upon the showing made by the defendant in the absence of any showing on the part of the plaintiff to the contrary, concluded that such hazard and danger existed, and ordered that the claimant be brought into this action, and compelled to meet his adversary here.

The one claims the order was a good transfer of the fund to the La Fleur woman; the other denies this. No one else has any interest in this controversy but these parties. They should be compelled to settle it between themselves. The bank should not be compelled to litigate it with each in separate actions, with the hazard and danger that both parties might succeed, and the bank be compelled to pay the same fund twice over. There may undoubtedly be cases where the claim of the third party is shown to be so devoid of merit as to call upon the court to refuse its discretion in favor of the bank. Such a case was the one cited by the plaintiff. Steiner v. Institution, 60 App. Div. 232, 70 N. Y. Supp. 223. The bank there showed merely that a claim was made by a third party. In answer to the application the plaintiff showed conclusively that the claim was entirely unfounded. No answer was made by the bank to this showing. The court at special term made the order, which the appellate division reversed by a divided court, on the ground that the discretion was improperly exercised. The court in the prevailing opinion said:

"Not only has the defendant failed to furnish the necessary facts to support a real or supposed claim, but the plaintiff has shown in affidavits, not contradicted or replied to, that by the order of his appointment the receiver of the Order of Chosen Friends [the claimant] is entitled to a relief or mortuary fund only, and it is made to appear affirmatively that the money on deposit with the defendant is not part of a relief or mortuary fund. Under such circumstances, the plaintiff should not be embarrassed in the enforcement of its demand arising under a direct contract with the defendant."

There seemed to be some doubt whether that application was made under section 820 of the Code or section 115 of the banking law. The section of the Code is a general provision for interpleader in actions, while the section of the banking law is a special provision for savings banks only. The language of the two provisions is not the same, but in each the relief is dependent upon the exercise of the discretion of the court. The provisions are similar, it is true,

but it would seem that such discretion should be more liberally exercised under the banking law than under the Code, because the legislature saw fit to make a provision solely for the benefit of the savings banks of the state. The hazards and dangers growing out of the contesting claimants to deposits in these banks are greater than those growing out of controversies as to other debts and properties, and the losses would fall upon the other depositors.

Our attention is called to no other cases than the Steiner Case arising under section 115 of the banking law. There are many cases arising under section 820 of Code, decided in the New York general term and appellate division, but they were determined upon the particular facts appearing in those cases, and, even if by analogy they are to be regarded as applicable to cases under section 115 of the banking law, they are not, we think, as decisive of the case we are here considering.

Our conclusion is that the discretion of the special term here was properly exercised, and the order appealed from should be affirmed, with $10 costs and disbursements. All concur.