## CHAPUIS v. LONG.

**(Supreme Court, Appellate Division, First Department. December 5, 1902.)**

1. INTERPLEADER—MOTIONS—AFFIDAVITS.
   On the hearing of a motion for an interpleader, it is error to receive and consider affidavits which have not been served on the opposing parties, and which they have had no opportunity to answer.

2. SAME.
   Where a temporary receiver in bankruptcy was ordered by the United States district court to deliver a certain insurance policy to plaintiff, such receiver was not entitled to an interpleader in an action by plaintiff to recover the policy, on the ground that it was claimed by another receiver, appointed in a judgment creditor's action in a state court.

Appeal from special term, New York county.

Action by Nicolas Chapuis against Walter P. Long to recover an insurance policy. From an order granting an interpleader, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Arthur Furber, for appellant.
A. H. Parkhurst, for respondent.

O'BRIEN, J. The defendant moved, upon an affidavit and the summons and complaint in this action, for an order of interpleader. By the complaint it appeared that this is an action in replevin to obtain the possession of a policy of insurance on the life of one Isidor Marty. The defendant came into possession of this policy by virtue of his appointment as temporary receiver in bankruptcy of the estate of Isidor and Marguerite C. Marty by the district court of the United States for the Southern district of New York. The said court, by an order duly made, directed its receiver (the defendant) to turn over the policy to this plaintiff, discharging him from all liability with respect thereto upon compliance with that order. The material part of the affidavit used by the defendant on the motion recites:

"That one Arthur H. Parkhurst, not a party to this action, made a demand against deponent for the same property, without collusion with this deponent; that the said Parkhurst claims the said property by virtue of an order made in the city court of the city of New York, wherein and whereby the said Arthur H. Parkhurst was appointed receiver of the property, assets, and effects of one Isidor Marty, and that the said Arthur H. Parkhurst, as deponent is informed and verily believes, has qualified as such receiver, and claims the said policy of insurance as the property of the said Isidor Marty, and he claims to be entitled to the same by reason of such receivership."

Upon the argument of the motion, an affidavit was permitted to be read in support thereof, which had not been served on the plaintiff, and was not one of the papers upon which the order to show cause was granted. This affidavit was made by the attorney of a judgment creditor of Isidor Marty, and therein he refers to the proceedings in the city court, from which it appears that, after the obtaining of judgment, supplementary proceedings were instituted, resulting in an order which contained an injunction restraining Long from making any

disposition of the policy. Against the objection of the plaintiff, this affidavit was received and considered on the motion.

We have on several occasions lately called attention to this practice (which we think is bad, and should not be encouraged) of permitting in support of a motion affidavits to be read and received which have not been served, and which the person against whom they are used has had no opportunity of answering. Poillon v. Poillon, 78 N. Y. Supp. 323, and In re Spofford Ave., 78 N. Y. Supp. 726, decided at November term.

Not only, however, upon the practice followed, but also upon the merits, we think this order must be reversed. It will be noticed that the original affidavit, even if we regard it as supplemented by the objectionable one permitted to be used upon the motion, is a mere naked allegation of adverse claim, without any statement of facts tending to show that such claim has any just or reasonable foundation to support it, or that defendant is unable to determine, without hazard to himself, to whom he can safely deliver the policy in question. The rule is well established that a plaintiff has a right to select the defendant whom he desires to sue; and, however reluctant the latter may be to remain in the action, he has no right, without good cause shown, to apply to the court, and, against the plaintiff's protest, have another and different defendant substituted in his stead. Undoubtedly, where good grounds are stated, requiring such substitution, or necessitating that there should be an interpleader in the action, the court has power (but only upon a showing that it is necessary) to substitute in place of the one selected by the plaintiff another and different party defendant. The essentials required for an order of interpleader have been many times stated. See Nassau Bank v. Yandes, 44 Hun, 55; Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964; Wells v. Bank, 40 App. Div. 498, 58 N. Y. Supp. 125; Steiner v. Savings Inst., 60 App. Div. 232, 70 N. Y. Supp. 223; Lateer v. Insurance Co., 64 App. Div. 423, 72 N. Y. Supp. 235. In the Nassau Bank Case, supra, it was said:

"It is not necessary simply to establish, in order to justify an interpleader, that some claim is presented; but it is necessary, in addition, to prove that such claim has some reasonable foundation, or that there is some reasonable doubt as to whether the stockholder would be reasonably safe in the payment over of the money."

Here it appears that the policy came into the possession of Long as an officer of the United States district court, and that by such court he has been directed to deliver it over to the plaintiff; and it is because of the refusal to obey such order that plaintiff, claiming ownership of the policy, seeks to obtain possession of it in this action of replevin. As against this, we have the defendant, who, under the protection of the order of the district court, could have safely delivered the policy to the plaintiff, applying for an order of interpleader to substitute as defendant a receiver in a judgment creditor's action, without any facts being presented to show in what way the receiver could be interested in contesting the plaintiff's title. For all that appears, the policy might have been originally issued directly to the plaintiff; and thus the essential fact which we think should appear,

that Marty ever had any title to the policy in question, is absent. On the merits, therefore, the papers being insufficient, the motion should have been denied.

Order accordingly reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.