## QUINN v. BANK FOR SAVINGS OF CITY OF NEW YORK.

(Supreme Court, Appellate Term. January 25, 1904.)

1. SAVINGS BANKS—ACTIONS FOR DEPOSIT—CLAIMANTS—PARTIES.

Under Laws 1892, p. 1896, c. 689, § 115, providing that in actions against any savings bank to recover deposits, if any person not a party to the action claims the same fund the court may, on petition of the bank, make such claimants parties defendant, where a depositor's administrator claimed a savings bank deposit standing in the name of his intestate before action brought by plaintiff to recover the deposit under an alleged gift from the intestate, the bank was entitled to have the administrator joined as a party defendant.

2. SAME—ANSWER—EFFECT.

Where, in an action to recover a savings bank deposit, the bank answered, denying possession of the amount claimed, to escape a default, before moving to have an adverse claimant of the deposit made a party defendant, the answer did not affect the bank's right to such relief.

3. SAME—SURRENDER OF PASSBOOK.

Where, in an action against a savings bank to recover a deposit by an alleged donee thereof, an order was made substituting the depositor's administrator as a defendant, it was proper for the court, in its discretion, to direct the passbook to be surrendered to the bank.

Appeal from City Court of New York, Special Term.

Action by Bridget Quinn against the Bank for Savings of the City of New York. From an order of the City Court granting defendant's application to have the administrator of one Mary Houlihan, deceased, made a party defendant, plaintiff appeals. Affirmed.

Plaintiff sued to recover the amount of a savings deposit in defendant bank, which had originally been opened in the name of Mary Houlihan, claiming that the latter had given the deposit to plaintiff prior to the depositor's death. A demand was also made on the bank for the same fund before the commencement of the action by William M. Hoes in his capacity of administrator of the estate of Mary Houlihan, and the bank moved that Hoes, as such administrator, be made a party defendant. This motion was denied for informality in the papers, with leave to review the same, and, defendant's time for answer being about to expire, an answer was served, in which defendant denied that the amount claimed by the plaintiff in her complaint was the amount which it had in its possession, after which the bank renewed its motion for the substitution of an administrator, which was granted.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Samuel I. Ferguson (Louis Goldberg, of counsel), for appellant.

Strong & Cadwalader (Francis S. McGrath, of counsel), for respondent.

FREEDMAN, P. J.   The order appealed from was properly made, upon sufficient facts disclosed, under chapter 689 of the Laws of 1892, p. 1842, and the decisions of Mahro v. Greenwich Savings Bank, 16 Misc. Rep. 537, 40 N. Y. Supp. 29, and McGuire v. Auburn Savings Bank, 78 App. Div. 22, 79 N. Y. Supp. 91.   The answer of the savings bank, made to escape a default, did not, under the banking law, affect its right to have the claimant brought in as a party defendant. Zabriskie v. New York Savings Bank, Daily Reg. April 30, 1881, per Barrett, J.   The exercise of the discretion of the court in directing the surrender of the passbook is supported by the decision of Faivre v. Union Dime Savings Institution, 59 N. Y. Super. Ct. 558, 13 N. Y. Supp. 423.

The order should be affirmed, with costs and disbursements.   All concur.