(92 Misc. Rep. 447)

### VYNE v. MOSSON et al.

(Supreme Court, Appellate Term, First Department. December 13, 1915.)

1. APPEAL AND ERROR ⬅⟶671—RECORD.

Where, in an action on a promissory note by the assignee, attack is made on the sufficiency of the assignment to pass title, but no copy of the assignment is included in the record on appeal, its sufficiency cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. ⬅⟶671.]

2. BILLS AND NOTES ⬅⟶480—ACTIONS—DEFENSES—ADMISSIONS.

Where defendants contest the collection of a draft upon the sole ground that the assignment thereon was without consideration and not properly executed, they inferentially admit that if the assignment was valid the plaintiff was entitled to the fund.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1526–1529; Dec. Dig. ⬅⟶480.]

3. INTERPLEADER ⬅⟶8—ACTIONS—GROUNDS.

The court, in exercising its discretion in granting a motion to interplead a party in an action to recover on a draft, should not grant the motion unless there is reasonable foundation for the claim of the third party and the defendant cannot without peril determine to which of the claimants he should pay the fund.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 8, 9, 11; Dec. Dig. ⬅⟶8.]

4. ATTACHMENT ⬅⟶180—PRIORITIES—ASSIGNMENT.

An attaching creditor of the assignor, perfecting her claim after assignment of a draft, has not the status entitling her, by being interpleaded in an action on the draft by the assignee, to attack the assignment under which the plaintiff therein claims.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 453, 550–575; Dec. Dig. ⬅⟶180.]

5. INTERPLEADER ⬅⟶20—WHO MAY BE INTERPLEADED—NOTICE—NECESSITY.

One who has not been served with notice of the application for an order interpleading him cannot be interpleaded in an action.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 42; Dec. Dig. ⬅⟶20.]

Appeal from City Court of New York, Special Term.

Action by Leonard Vyne against Isidore Mosson and another, copartners doing business under the name and style of Mosson Brothers. From an order granting defendants' motion for interpleader of Isabel Bonner, an attachment creditor of defendants, plaintiff appeals. Reversed.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Herman D. Goldberg, of New York City, for appellant.
Eugene I. Gottlieb, of New York City, for respondents.

PHILBIN, J. This action was brought by plaintiff upon two causes of action. The first sets up a claim against the defendants for $342.18 as assignee of the Colonial Lumber Company, a foreign corporation. The second cause of action alleges a draft or bill of ex-

change payable to the plaintiff and accepted by the defendants also for $342.18. The said assignment was made on the 12th day of July, 1915, and the defendants then accepted the same and promised to pay said amount to the plaintiff. The defendants procured the order appealed from by the plaintiff interpleading one Isabel Bonner under the following circumstances: After the said assignment to the plaintiff and in the month of August, 1915, said Isabel Bonner began an action against plaintiff's assignor, said Colonial Lumber Company, to recover the sum of $637.86, and procured a warrant of attachment against it. On the 4th day of August, 1915, the defendants herein were served with said warrant attaching money or property of the said Colonial Lumber Company in the hands of said defendants. Later a notice was likewise served upon them by said Bonner claiming that the said assignment by said Colonial Lumber Company to plaintiff herein was invalid, and that therefore the moneys due from the defendants were still the property of said Colonial Lumber Company and subject to said attachment. Upon these facts the petition of the defendants that said Bonner be brought in as a party defendant was granted and the order appealed from made. The said order also directed that upon the payment of said sum of $342.18 into court with interest the action be discontinued as against said defendants.

[1-4] The grounds upon which said assignment is claimed by said Bonner to be invalid are that it was without consideration and was not properly executed. The only indication of lack of consideration is a reference in the said petition of the defendants to an assertion made by said Bonner to that effect. The assignment is not included in the record, and consequently it is not possible to pass upon its sufficiency. This is material, since the defendants and Bonner must be regarded as inferentially admitting that the plaintiff would be the only one entitled to said fund if the assignment was sufficient. The court, when called upon to exercise its discretion in such circumstances, should be able to see that there is some reasonable foundation for the claim of the third party and that the defendant cannot without peril determine to which of the claimants he should pay the fund. Steiner v. East River Savings Institution, 60 App. Div. 232, 70 N. Y. Supp. 223. It must be said that those conditions did not exist here. The said Bonner as attaching creditor had not attained a status that enabled her to attack the assignment under which the plaintiff claimed. Venable v. N. Y. Bowery Fire Ins. Co., 49 N. Y. Super. Ct. 481; Thurber v. Blanck, 50 N. Y. 80; Castle v. Lewis, 78 N. Y. 131. Therefore if she became a party defendant she would be in a no better position than these defendants to question plaintiff's claim. In any event, the right of the plaintiff to the said sum of money under the second cause of action is exclusive, and so in no event could the proposed intervener defeat the plaintiff's claim as set forth in said second cause of action.

[5] A further reason why said order cannot be sustained is to be found in the fact that the said proposed intervener was not served with notice of the application for the order. Code of Civil Procedure, § 820; Bullowa v. Provident Life & Trust Co., 125 App. Div. 545, 109

N. Y. Supp. 1058; O'Connor v. Lock, 148 App. Div. 765, 133 N. Y. Supp. 320.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.